MOTION DISMISSED
DATE: 7-16-15 11,465-25
BY: PC

JUNE 9, 2015

RECEIVED IN
COURT OF CRIMINAL APPEALS

This document contains some
pages that are of poor quality
at the time of imaging.

JUL 13 2015

Abel Acosta, Clerk

TO: Honorable Abel Acosta, Clerk,
Texas Court of Criminal Appeals
P.O. Box 12308, Capitol Station
Austin, Texas 78711

Re: Ex parte Jimmy Roy Davidson, Tr. Ct. No. 913371-H, CWR-11,465-25

Dear Clerk:

Please file in the above case:

"Applicant's Bill of Exceptions Preserving Relief On Undisputed Facts Proving Motion For Court To Hold 53rd Judicial District Attorney of Texas Ronald Earle and His Assistant District Attorneys In Contempt of Court Orders Entered October 6, 1991 And November 8, 1991 For State To Disclose To Defendant Favorable Evidence; And, Proposed Finding Of Facts, Conclusions of Law and Recommendations."

Thank You,

Jimmy Roy Davidson
TDCJ-CID Number: 612588
10 Bldg. W. Assisted-Living #17-Cell
A. Hughes Unit, Rt. 2. Box 4400
Gatesville, Texas 76597-1010

cc: ✓
Rosemary Lehmberg
53rd Judicial District
Attorney of Texas
P.O. Box 1748
Austin, Texas 78767-1748

IN THE COURT OF CRIMINAL APPEALS
OF TEXAS

EX PARTE                          §
JIMMY ROY DAVIDSON,               §
                Applicant.        §

SECOND APPLICANT'S BILL OF EXCEPTIONS PRESERVING RELIEF ON UNDISPUTED FACTS PROVING MOTION FOR COURT TO HOLD 53RD JUDICIAL DISTRICT ATTORNEY OF TEXAS RONALD EARLE AND HIS ASSISTANT DISTRICT ATTORNEYS IN CONTEMPT OF COURT ORDERS ENTERED OCTOBER 6, 1991 AND NOVEMBER 8, 1991, FOR STATE TO DISCLOSE TO DEFENDANT FAVORABLE EVIDENCE; AND, PROPOSED FINDINGS OF FACTS, CONCLUSIONS OF LAWS AND RECOMMENDATIONS."

TO: THE HONORABLE JUDGES OF SAID COURT OF CRIMINAL APPEALS:

COMES NOW, JIMMY ROY DAVIDSON, PRO SE, pursuant to 1st and 14th Amendments United States Constitution; Article I, Sections 12, 13 and 19, Texas Constitution; and, Texas Rules of Appellate Procedures, Rule 2b. cf Ex parte Nailor 149 SW3d 125 N.17, 125 (Tex.Cr.App. 2009)(quoting Oldham-v-State, 977 SW3d 354, 360 (Tx.Cr.App.1998)("Rule 2(b) is in essence an escape valve to be used by an appellate court when a case becomes unduly stalled or delayed in the appellate process due to procedural rules and in the interest of justice compel speeding up the process;.).

I. FACTS
1— On May 19, 2015, Applicant filed his eighth factual innocent Application for writ of habeas corpus and Respondents The State of Texas; City of Austin, Texas and Travis County, Texas, was served copies with thirty-two (32) Affidavits/Non Nota- rized sworn statements per Title 28 U.S. Code 1746 and Sections

132.001-132.003, Texas Civil Practice and Remedies Code, Vernon's Annotated submitted by Applicant to prove the facts in his writ application; proposed Findings of Facts, Conclusions of Laws and Recommendations and motion to hold Ronald Earle and His Assistant District Attorneys in Contempt of Court Orders of October 6, 1991 and November 8, 1991 for State To Disclose To Defendant All Favorable Evidence !

2- Respondents The State of Texas; City of Austin, Texas; And, Travis County, Texas, Filed no response within 15-days of service of the writ application and Affidavits; motions and proposed Findings of Facts, Conclusions of Laws and Recommendations. Section 3, Art 11.07. (TCCP).

3- The operation of law Section 3, Art.11.07, supra, caused the Travis County, Texas district clerk's office to record the fact of Respondent's omission to file a response, as a GENERAL DENIAL.

4- The Convicting Court, 299th Judicial District Court, did not entertain Applicant's motion for Court to hold in Contempt of Court Ronald Earle and His Assistant District Attorneys when NOTICE OF SETTING OF A HEARING was given and Orders drafted, eliciting One Hundred Million Dollars ($100,000,000.00)

NOTE 1: Sections 41.007 and 41.009, Texas Government Code; Article 2.01, Texas Code of Criminal Procedures and Article V, Section 21, Texas Constitution vest Ronald Earle, his predecessors-successors, with State-Municipalities' POLICY-MAKING Authority over arrest, detention and investigation practices of government entities within 53rd Judicial District Attorney of Texas district. Cf. Craven-Texas et al. 766 F.3d 193, 195 (5th Cir.1985); Section 41.009, Tex. Gov.t Crim.); State et rel. Hill v Pixtle, 887 SW2d 921 (Tx. Cr.App. 1994)(Art. V, Sec.21, Tex Const.). The undisputed facts show MR.Earle; his successor Rosemary Lehmberg; Mr. Michem F. Lynch; his successor Greg Cet; Public Integrity Unit (PIU) and Article jure and ex officio de facto officer doctrine & Assistant district attorneys-policymakers, Section 41.103(a,b) Tex.Gov.t. Code. Cudd-v-Aldrich 982 F.Supp. 463 (S.D.Tex 1997); Texas Governor Ann Richards and Texas Attorney General Dan Morales, promulgated and enforced a 24 yrs. old policy that circumvented the Oct.6, 1991 and Nov. 8, 1991 Orders of the convicting Court that was serial frauds upon the Court and Applicant; obstructionism and perjury. § Glidden-v-Zdanok 82 S.Ct. 1459, 1465 (1962)(quoting McDowell v U.S. 16 S.Ct. 111, 113 (1895) (ex officio de facto officer doctrine.).

on Motion Day June 15, 2015, and did Not GRANT, Applicant's proposed requested Findings of Facts, Conclusions of Laws And Recommendation. Attachment A (NOTICE OF A SETTING OF A HEARING & 1st & 2nd ORDERS Granting Applicant's Motions & Findings of Facts Conclusions And Recommendation) for

5- About June 24, 2015, the 20-days time limits expired for Convicting Court to enter Findings of Facts and/or Orders that disposed of the case or extended the time limits by design- -ation of issues to be resolved and Amount of time to resolve them. No Findings of Facts was filed.

6- About June 26, 2015 the habeas records was Received by Clerk of Texas Court of Criminal Appeals.

7- About June 8, 2015. Applicant filed his "Applicant's Bill of Exceptions," by indigent supply TDCJ-CID law library officer. Attachment B.

8- About June 9, 2015, Applicant Received Notice from the Clerk of Texas Court of Criminal Appeals that his writ application was filed and presented.

9- About June 9, 2015 Applicant' drafted this instant Second Applicant's Bill of Exception

## II. STANDARDS OF REVIEW

### A- Nature of Article 11.07 Section 4 (A-C) (TCCP) cases.

Habeas corpus proceedings are fast and speeding and governed by principles of Fairness and equity. Cf. Ex parte Drake 883 SW2d 213 (Tx Cr. App. 1994); Wording-v-Wording, 224 SW2d 187, 148 Tex. 3 56, (Tex S. Ct. 1949); And, Ex parte Eureste, 725 SW2d 214, 217 (Tx Cr App 1987) (CLINTON, J., dissenting).

**B— Use and Admissions of Evidence.**

Its clearly established that in all cases the rules of evidence at common law shall govern except where changed by Code. Cf. _Matthew-v-State_, 32 Tex. 117 (Tex.S.Ct. 1865) and _Anderson-v-State_ 118 Tex. 1101, 26 SW2d 172 (Tex.S.Ct.1932) The common law rules governing evidence hierarchical governance is mandated in the provisions of Rule 101(CC), Texas Rules of Evidence (Tex.R.Evd.)

**C— When No Rules of Procedures Are Provided.**

In any case brought under Article 11.07, Section 4 (A-C), supra, and there is no rules of procedures, the rules of procedures at common law shall govern. Cf. Article 1.27 (TCCP); Accord Cf. _Ex parte Tru Van Troung_ 770 S.W2d 810, 811 (Tex.Cr.App. 1987)(ART. 1.27 TCCP Applies to ART. 11.07 (TCCP) proceedings).

**D— When Respondent State of Texas. After Being Served Process of Application for Writ of Habeas Corpus, Does Not File A Response within 15-days.**

When no response is filed in Article 11.07, supra cases, the District Clerk is required by operation of law to treat the omission as though a GENERAL DENIAL has been filed. Cf. Section 3. Article 11.07, supra. A GENERAL DENIAL shifts the burden of proof upon the Applicant to prove all facts alleged in support of his claims except those facts that Respondents was required to deny under oath. Cf. _Alexander-v-Houston Oilfield Material Co._, 386 SW2d 540 (Tex.Civ.App. Tyler 1965, ref. N.R.E.) and _Trevino-v-American Nat INS. Co._, 168 SW2d 656, 140 Tex. 500 (Tex.Com.App. 1943).

## E - Credibility of Witnesses

, The Convicting Court may use Affidavits, depositions, interrogatories, and personal recall, when making its assessments of credibility of witnesses. Cf. Sections 3-5, Article 11.07. supra. Cf. _Ex parte Thompson_, 153 SW3d 416, 417-18 & N.1 (Tx. Cr. App 2005) (Article 11.07, See 4(A-C), TCCP Factual innocent Review, Convicting Court has discretion to make credibility determinations based upon Affidavits.); _Ex parte FRANKLIN_, 72 SW3d 671 (Tx Cr. App. 2001) (Remand of factual innocent Review for Convicting Court to supplement habeas records with Affidavits.)

## E - Reliability of New Discovered Evidence.

In factual-substantive innocent reviews, the Convicting Court may make determinations of reliability of newly discovered evidence of factual innocent, by use of presumptions. Cf. Article 1.27. (TCCP). Cf. _Ex parte TRu Van TRong_, 770 SW2d at 811 (Art. 1.27 TCCP applies to Art. 11.07 (TCCP) cases). Accord _Ex parte Elizondo_, 947 SW2d 198, 202-207 (Tx Cr App. 1996)

NOTE 2: An Affidavit is defined as "a statement in writing of a fact or facts signed by a party making it, sworn to before an officer authorized to administer oaths, and officially certified to by the officer under seal of office." TEX. GOVT. Code Ann. Section 312.011 (Vernon's 1988). A document without the jurat is not an Affidavit within the statutory definition. Cf. _Perkins-v-Crittenden_, 462 SW2d 565, 566 (Tex. S.Ct. 1970). Sub judice, an exception to Section 312.011, supra, is utilized by Applicant by filing his 32-Affidavits in conformity to the statutory requirements of Sections 132.001-132.003. TEX. CIV. PRAC. & REM. CODE; Title 28 U.S. Code 1746; And, _Banks-v-Dretke_ 124 S.Ct. 1257, 1262, 1272 (2004) (Unsigned Affidavit filed in Texas' Art. 11.07 (TCCP) And 28 U.S. Code 2254 proceedings, by Texas Death Row prisoner to prove occurrences of violations of _Brady-v-Maryland_, 83 S.Ct. 1194 (1963) and _Giglio-v-U.S._, 92 S.Ct. 763, 766 (1972) (Brady-Giglio) duties by Bowie County, Texas prosecutor, not refuted or denied, when clear, direct and positive facts was required to be under United States Supreme Court's Rule 15.1, if they was misstatements or false. Justice Madam Ruth Bader Grinsberg assessed as "hardly probative statements."). Thus, Applicant's SIGNED and UNSIGNED Affidavits may form the factual basis for him being prosecuted for aggravated perjury. Cf. _Ex parte Jones_, 97 SW3d 586 (Tx Cr App 2003); _Ex parte Knight_, 207 SW3d 768 (Tx Cr App 2006) and _Ex parte Denton_ 207 SW3d 768 (Tx Cr App 2006). The facts that the Attachment A 31-Affidavits were Re-filed after used in WR-11,465-24, dismissed May 2, 2012, is significant because a findings of facts was filed March 27, 2012 by Convicting Court finding them spurious and incredulous.

## G: Convicting Court's Decision That Relief Be Denied.

The Convicting Court's decision to deny relief is Reviewed for Abuse of discretion and will not be disturbed unless clearly erroneous. Cf. Ex parte Pinking, 935 SW2d 213, 214 (Tx App. 7th Dist. Amarillo, 1996); Ex parte Ayers, 921 SW2d 438 (Tx App Tyler, 1995, pet. Ref.) cert denied __ U.S.__, 116 S.Ct. 447, 133 2.Ed 2d 406 (1996). And, whether discretion was Abused depends upon whether the trial court Acted without Reference to Any guiding principles or Rules. Cf. Montgomery -v-State, 810 SW2d 372, 380 (TxCr App 1990).

## H: Factual Innocent Burden of Proof.

In substantive Factual innocent Review the Applicant has the burden of proof to prove his claim by clear and convincing evidence. Cf. Elizondo, 947 SW2d at 202-207, supra. Where fraud upon the Court is a basis for the claim the Applicant must prove this occured by clear and convincing evidence. Cf. Hazel-Atlas Glass Co.-v-Hartford Empire Co., 64 S.Ct. 997 (1944). Its Fraud upon the Court when A party willfully or Recklessly does not perform disclosure duties Required by Brady-v-Maryland 83 S.Ct.1194 (1963). Cf. Workmen-v-Bell 227 F.3d 331, 334-335 (6th Cir. 2001); Rodwell-v-Pepe, 324 F.3d 66, 70-71 (1st Cir. 2003); Dunlap-v-Litscher, 301 F.3d 873, 875-876 (7th Cir 2002); And Thompson-v-Calderon, 951 F.2d 918, 921 N.3 (9th Cir 1998). Where Applicant's lawyers' sell out to Respondents, this too is fraud upon the Court. Cf. Luttrell-v-U.S., 644 F.2d 1274 (9th Cir 1981) citing U.S.-v-Throckmorton, 98 U.S. 61, 65-66, 25 L.Ed 93 (1878) (Fraud upon the court where Attorney fraudulently or without Authority, Assumes to Represent A party and

connives at his defeat; or, where the Attorney corruptly sell out by helping the interests of the other side.")

III. Denial of Motion(s)[3] For Court To Hold 53rd Judicial District Attorney of Texas Ronald Earle And His Assistant District Attorneys In Contempt of Court Orders Entered October 6, 1991 And November 8, 1991[4] And, Denial of Applicant's Proposed Findings of Facts, Conclusions of Laws and Recommendations.

Applicants proposed Findings of Facts, Conclusions of Laws and Recommendations, filed May 19, 2015 And Motion To Hold Judicial District Attorney of Texas Ronald Earle And All His Assistant District Attorneys In Contempt of Court Orders Entered October 6, 1991 And November 8, 1991, filed May 19, 2015 was not GRANTED by the Convicting Court leaving Applicant with the burden to file A Bill of Exception to preserve for review the rulings. cf. Sullivan-v-Bickel & Brewer, 943 SW2d 477, 484 (Tx.App. Dallas, 1998) citing Princess Enters., Inc-v-Superstar Amusements, Inc., 718 SW2d 40, 41-42 (Tx.App. Dallas 1986, no writ) (Failure To File Bill of Exception to trial Court discovery abuse rulings constitutes waivers.), And Zaruba-v-Zaruba, 498 S.W.2d 695, 698 (Texn. App. Corpus Christi 1973) (where trial judge refuses to file Findings of Facts in response to a proper request or refuses to file them within the time prescribed therefor, such refusal will not be reviewed on Appeal unless it is made the subject of a bill of exception.).

NOTE 3: See Attachment C (Motion For Appointment of Independent-Special Prosecutor and Lawyers Joined With Motion To Disqualify Rosemary Lehmberg And All Her Assistant District Attorneys And Motion To Hold 53rd Judicial District Attorney of Texas Ronald Earle And His Assistant District Attorneys In Contempt of Court Orders Enter October 6, 1991 And November 8, 1991, For State To Disclose To Defendant Favorable Evidence.) These motions, if granted, would have set into action special Prosecutors and lawyers to prosecute 53rd Judicial District Attorney of Texas for its 24 yrs. State-Municipalities policy(s) And secure maximum monetary SANCTIONS Against The State of Texas, City of Austin, Texas; Travis County, Texas.

NOTE 4: See NOTE 1, supra; quintessentially, Applicant is prosecuting for $100 million in sanctions Against governmental entities whose lawyers engaged in 24 yrs of obstructionism and perjury. cf. ED. I.C.-v-Hurwitz. 384 F.Supp.2d 1035 (S.D.Tex 2005) ($72 mil. for Rule 11 FRCP sanctions).

## (i) Due Process Errors

The Applicant's motion for contempt and proposed findings of facts was properly filed and served upon Respondents and notice of a setting of a hearing given Respondents and proposed 1st and 2nd Orders prepared for the Convicting Court to sign. When the Convicting Court denied the motions and proposed Findings of Facts, <u>sub silento</u>, this denied Applicant of due process. cf. <u>In re Christensen</u>, 39 SW3d 250, 251 (Tx.App. Amarillo 2000).

Fundamental requirements of due process mandate an opportunity to be heard. <u>Creel-v-District Attorney for Medina County</u>, 818 SW2d 45,46 (Tex. S.Ct. 1991). Applicant is entitled to have his motion heard and ruled upon by the Convicting Court. <u>Creel</u> 818 SW2d at 46; <u>Christensen</u> 39 SW3d at 251.

The 20-days time limitations on Convicting Courts presiding over the habeas corpus case has expired, leaving Applicant, who was not given notice of the Convicting Court's omissions until June 9, 2015, forced to invoke Rule 2b Tex.R. App.Pro. to be assured his instant 2nd Bill of Exception is included in the habeas records and the Court of Criminal Appeals determine the Amount of sanctions Respondents must pay for 24 yrs. of obstructionism and perjury. cf. <u>Sullivan-v-Bickel & Brewer</u>, 943 SW2d 477, 484 (Tx. App. Dallas 1998) (Must file bill of exception to preserve review of trial Court's discovery ruling or error deemed waived. citing <u>Princess Enters. Inc.-v-Superstar Amusements, Inc.</u>, 718 SW2d at 41-42. (Failure to file Bill of Exception to denial of discovery ruling is waiver.). <u>Accord</u> cf. <u>Ex Parte Nailor</u>, 149 SW3d at 124 n.17 quoting <u>Oldham</u>, 977 SW2d at 360 (Rule 2b Tex.R.App.Pro.); And, to insure his requested findings of facts is filed showing his exoneration due to factual innocent based upon undisputed affidavits. cf. <u>Zaruba</u>, 498 SW2d at 698 (Bill of exception must be filed to preserve review of trial court denial of requested findings of facts, conclusions of laws and recommendations).

To be sure. The Convicting Court's omissions in not Filing Orders or Applicant's proposed Findings of Facts, Conclusions of Laws and Recommendations before expiration of the 20 days time period it had to dispose of controverted previously unresolved Facts arising from the GENERAL DENIAL requires the Court of Criminal Appeals to conclude that the Convicting Court acted or omitted without references to guiding principles or Rules. Cf. ~~Ex parte~~ Montgomery 810 SW2d 372, 380 (Tx Cr App 1990)(Abuse of discretion). In Ex parte Carnes 579 SW2d 249 (Tx Cr App 1979), the Court of Criminal Appeals made clear that when Respondents do not file response and by operation of law the Court Clerk treat the omission as a GENERAL DENIAL, the Convicting Court must make findings of Facts. Sub judice page 1-of-19, paragraph I, of Applicant's Proposed Findings of Facts, Conclusions of Laws and Recommend-ations, cites CARNES, supra and Ex parte Zapata, — SW3d (Tex Crim. App. NO. AP-75-784, October 10, 2007) and Rules 296-298 Tex. R. Civ. Proc.,

This means the Applicant's Affidavits in support of his motion to hold Ronald Earle and His Assistant District Attorneys in Contempt of October 6, 1991 and November 8, 1991 and which proves the facts alleged in his writ application have clear, direct and positive Facts Respondents has the means and opportunity to Refute or deny if not true, but Respondent has Failed or Refused to do so. Thus, such Affidavits are admissible facts that undisputed, not limited, Fact showing Governor Mr. Rick Perry's motivations for exercising line-item veto of legislative funding of/for Public Integrity Unit in June 2013 due to 53rd district Attorney's State-Municipalities' policy(s) of nondisclosures to Applicant exculpatory information showing Applicant's Factual innocent of March 11, 1991 murder of Jesse Eugene Williams while keeping Applicant Confined in Texas' draconian prisons for 24 yrs. by circumventing the October 6, 1991 and November 8, 1991 Orders using pseudo-criminal investigations of organized crime and serial murders. Cf Ex parte Varelas, 45 SW3d 632. 633 n.5 (Tx Cr App 2002); Ex parte Garrison; 853 SW2d 784 (Tx Cr App

1st Dist Houston 1993) And Ex parte Dustman, 538 SW2d 409 (Tex S.Ct 1976).

Sanctions of $100 million is merely $28 million more federal Court in Houston, Texas ordered federal agency F.D.I.C. to pay Mr. Charles Hurwitz, for bringing and litigating a civil action its lawyers knew was without a basis in fact. The denial of sanctions here was abuse of discretion because Applicant initiated civil rights and civil Rico Act lawsuits prior to his March 24-29, 1992 murder trial and after it and Respondents via its 53rd Judicial District Attorney of Texas district attorneys and Public Integrity Unit prosecutors, colluded with Applicant's lawyers and suborn its witnesses to perjury to obtain Applicant's wrongful conviction; And, in Applicant's seven (7) previously filed Art. 11.07, Section 4(A-C) TCCP writ Application Respondents did continue to enforce the State-Municipalities policies by serial commissions of frauds upon the Court, cf Workman 227 F.3d at 334-35, supra. Finally, Applicant health has failed him to he is Now oxygen dependant upon cannisters; oxygen tanks and machines; medications and wheel-chair-bound. To order his relief without imposing maximum sanctions upon Respondents is to kick Applicant in the face upon the streets to die without means or money for quantum or near quantum of medical care and housing the prison is providing him. Cf. F.D.I.C.-v-Hurwitz 384 F.Supp2d 1035 (S.D.Tex 2005) (F.D.I.C. ordered to pay $72 million as Rule 11, FRCivP Sanctions for its lawyers filing and perpetuating 18 yrs of fraudulant litigation knowing lawsuit was frivolous, malicious and willfully engaged in obstructionism and perjury.).

There should be no remand for Convicting Court to take any actions in this case. cf Hampton-v-McCree, 851 SW2d — (Tx CrApp 1901) (20-days expiration without Convicting Court entering orders designating issue to be resolved and expending timelimit is jurisdictional.) and Dejean-v-District Clerk of Dallas County, 259 SW3d 183 (Tx CrApp 2008)

WHEREFORE, PREMISES CONSIDERED, Applicant prays that this Honorable Court of Criminal Appeals GRANT, in All things Applicant's Second Bill of Exception pursuant to Rule 26 Tex.R.App.Pro., and enter the following orders:

A- Motion To Hold In Contempt of Court Ronald Earle and His Assistant District Attorney of October 6, 1991 and the November 8, 1991 Orders For The State To Disclose To The Defendant Favorable Evidence:

(i) The Respondents State of Texas; City of Austin, Texas; and Travis County, Texas, jointly and severally, pay One Hundred million dollars ($100,000,000.000) for its lawyers' Public Integrity Unit's 24 yrs. of obstructionism and perjury under supervision of Ronald Earle; Rosemary Lehmberg; Micheal F. Lynch; and Greg Cox:

(ii)- For each day that Respondents has not paid the $100million to Applicant Jimmy Roy Davidson #612588 SID#02202768 from date Order is issued, Respondents must pay One million dollars ($1,000,000.00) to Applicant;

(iii)- Respondent shall make available to Applicant under his control and authority: transportation and drivers; housing and house keepers and cooks; medical care and treatment and medical specialists to treat diabetes; polymyositis; hypertension and Hepatitis C

(iv)- Respondent shall provide for Applicants transportation from prison to any geographical location within the 50 States of the United States and any United States territories

(v)- State District Judge shall oversee operation and enforcement of the Sanction Orders(i)through(iv) Above who is not from Travis County, Texas district courts.

B- Applicant's Proposed Findings of Facts, Conclusions of Laws And Recommendations:

(i) The Respondent The State of Texas shall enter in the 299th Judicial District Court's Minutes And 53rd Judicial District Attorney of Texas And Travis County, Texas District Clerk file, A public Record, showing the Applicant's Findings of Facts, Conclusions of Laws And Recommendations was GRANTED in their entirety And Jimmy Roy Davidson was determined to be FACTUAL INNOCENT of the TRAVIS County, Texas, City of Austin, Texas, March 11, 1991 murder of Jesse Eugene Williams.

C- Respondents shall cause Jimmy Roy Davidson to be provided five (5) copies of the Orders the Court of Criminal Appeals enters As soon As Respondents can do soon upon receipt of same.

Respectfully submitted,

Jimmy Roy Davidson #612588
10 Bldg W. Assisted-Living #17-Cell
A. Hughes Unit  Rt.2, Box 4400
Gatesville, Texas 76597-1010
APPLICANT PRO SE

CERTIFICATE OF SERVICE

I, Jimmy Roy Davidson hereby certify under penalty of perjury that I caused A true and correct copy of these Bill of Exceptions to be served upon Respondents c/o Rosemary Lehmberg, District Attorney, P.O. Box 1748, Austin, Texas 78767-1748, by delivery to Indigent Supply officer Law Library At A. Hughes Unit on this the 10th day of July 2015.

APPLICANT PRO SE

WRIT NUMBER: 11,465-25
TRIAL COURT NUMBER: 913371-H

# A T T A C H M E N T  A

1- Notice of a setting of a Hearing. 1p

2- First Orders Granting Applicant's Motions 3ps

3- Second Orders Granting Applicant's Motion 2ps.

4- Applicant's May 19, 2015 filed Proposed Findings of Facts, Conclusions of Laws And Recommendations 19-ps.

CAUSE NUMBER: 91-3371-H

EX PARTE      § IN THE DISTRICT COURT
JIMMY ROY DAVIDSON,      § TRAVIS COUNTY, TEXAS
     Applicant      § 299TH JUDICIAL DISTRICT

## NOTICE OF A SETTING OF A HEARING

TO: RESPONDENT(S):
% 53rd Judicial District Attorney of Texas
Ms. Rosemary Lehmberg, P.O. Box 1748
Austin, Texas 75767-1748

You are hereby notified that on or about Monday, June 15, 2015, or as soon after as the business of the court allows, a hearing will be held and the court will issue a order(s) granting the following motions, viz:

1- Applicant's Motion for Court To Order Court Reporter's Notes; Court Minutes; District Clerk's Transcripts; and Police Reports; etc.; To Be Included In The Habeas Records; and,

2- Applicant's Motion for Appointment of Independent-Special Prosecutors and Lawyers, Joined With Motion To Disqualify Rosemary Lehmberg and All Her Assistant District Attorneys And Motion To Hold 53rd Judicial District Attorney of Texas Ronald Earle and All His Assistant District Attorneys IN Contempt of Court Orders Enter October 6, 1991, and November 8, 1991, For State To Disclose To Defendant Favorable Evidence.

Thank You;

Mr. Jimmy Roy Davidson #612588
76 Bldg. W. Assisted-Living #117-Cell
A. Hughes Unit. Rt. 2. Box 4400
Gatesville, Texas 76597-1010
APPLICANT PRO SE     CERTIFICATE OF SERVICE

I, Jimmy Roy Davidson, here-by certify under penalty of perjury that a true and correct copy of this NOTICE OF A SETTING OF A HEARING has been served upon Respondent(s) by Indigent Supply Law Library Supervisor(s) A. Hughes Unit in a U.S. postage 1st class mailer-pouch. No. Dept. Addresses, to be:

Rosemary Lehmberg
District Attorney
P.O. Box 1748
Austin, Texas 75767-1748

on this the 10th day of June 2015.

APPLICANT, PRO SE

CAUSE NUMBER: 91-3371-H     1 of 3
pages

EX PARTE                    § IN THE DISTRICT COURT OF
JIMMY ROY DAVIDSON,         § TRAVIS COUNTY, TEXAS
          Applicant         § 147TH JUDICIAL DISTRICT

## FIRST ORDERS GRANTING APPLICANT'S MOTIONS

Came forth before the Court this day is Applicant's
Pro Se motions and the Court grant the following
orders:

1 - Motion for Court To Order Court Reporter's Notes; Court
Minutes; District Clerk's Transcripts; And Police Reports, etc. To
Be Included In The Habeas records.

IT IS ORDERED, TRAVIS COURT DISTRICT CLERK VELAL PRICE
AND TRAVIS COUNTY, TEXAS DISTRICT ATTORNEY ROSEMARY LEHMBERG,
THEIR PREDECESSORS, SUCCESSORS, SUBORDINATES, ASSISTANTS, DEPUTIES
AGENTS, AND EMPLOYERS-EMPLOYEES, shall cause true and correct
copies of their files, records, reports, tape recordings, verbatim
transcripts and court file documents to be included in the habeas
record transmitted to the Texas Court of Criminal Appeals.

Particularly, the following evidentiary items shall be included along
with other transmitted records and copies of the habeas records so
prepared provided to Applicant viz:

A - Court Reporter's NOTES

(i) - Pretrial Hearing September 23, 1991, Cause #91-3371; and,
(ii) - Trial March 24-29, 1993 Cause #91-3371 Volumes I; II; III; IV, And
Arraignment and Jury Selection.

B - Court Minutes

(i) - Cause #91-1644 Order Appointing Leonard J. Grizzard to
provide legal representation to Jimmy Roy Davidson March 13, 1991;
(ii) - Cause #91-1113, Order Appointing Leonard J. Grizzard to provide
legal representation to Jimmy Roy Davidson March 12, 13, 1991;
(iii) - Cause #91-2835 Order Appointing Leonard J. Grizzard to
provide legal representation to Jimmy Roy Davidson May 30, 1991;
(iiii) - Cause # UNKNOWN, Order Appointing Leonard J. Grizzard to
provide legal representation to Dewayne Gilbert; Earl James Kessinger;
Earnest Pierce; Joseph Gebhart; Carlos Rees, other March - March 1991 1992
Travis Co Jail Jail house INFORMANTS

(v)- Cause #91-3371 Order for State to produce to defendant dated September 25, 1991;

(vi)- Cause #91-3371 Order Appointing Kyle J. Collins to court March 24, 1991;

(vii)- Cause #91-3371 Order for State to produce March 13, 1991 post-mortem x-rays taken by Travis County Medical Examiner's Office (TCME) in #ME 91-286, dated March 24, 1992; and,

(viii)- Cause #91-3371, March 24, 1992, Order for State to produce piece of metal shown inside body by x-rays taken March 13, 1991 by TCME ( case #ME-91-286 in cause numbers 91-1044, 91-1112, 91-2535 and 91-3371, March 5, 1993 (consolidation Order.

C - District Clerk's Transcript

(i)- Cause #91-1044, file court documents, 167th District Court, The State of Texas-v-Jimmy Roy Davidson March 13, 1991;

(ii)- Cause #91-1112, file court documents, 147th District Court, The State of Texas-v-Jimmy Roy Davidson, March 12, 1991;

(iii)- Cause #91-2535, file court documents 147th District Court The State of Texas-v-Jimmy Roy Davidson May-July 26, 1991;

(iv)- Cause #91-3371, file court documents, 299th District Court The State of Texas-v-Jimmy Roy Davidson July 16, 1991 through March 5, 1993.

D - AUSTIN POLICE DEPT (APD) POLICE INCIDENT REPORT #9107016320G

(1)- Sgt. George C. Jakestic, Patrol Supervisor

(2)- Officer Charlie Rine, Hospital Police

(3)- Officer Robert Franklin, Fingerprint Technician;

(4)- Officer Michael Chitty, Fingerprint Technician;

(5)- Officer Evelyn Davis, Photographer;

(6)- Sgt. Bruce D. Boardman, homicide investigator

(7)- Sgt. John W. Jones, homicide investigator

(8)- Sgt. Michael W. McClaback, homicide investigator

9)- Mr. Miguel Botello, State's eye witness, Mr. Davis

E - ETC

(i)- The Gilbert Tapes, March-March 1991-1992. These are compilations of surreptitiously produced tape recordings by Travis County, Texas jail's Jailhouse Informants, not limited to: DeWayne Gilbert; Gilbert's to Police 2; James Carter Hosinger; Joseph Cabaniss; Carlos Rios; others

(ii)- The Big Wilbert Brown Tapes, June 4-March 1991-1992. These are compilations of tape recordings produced by Travis Co. Jail's Jail House Informants showing Wilbert Brown and/or victims vowing to kill Mr. Applicant Jimmy Roy Davidson and interred on disclosing the Brown's identities as the persons who killed Jesse Gene Williams.

(iii) - August 16, 2013, Minutes of Travis County Commissioners Court proceedings.

(iv) - Emergency 911 Phone Recordings of March 11, 1991 by Major [illegible] Operating, a two story, multi-unit house at [illegible] Street, Austin, Texas against [illegible]

(v) - Any exculpatory communications obtained by Travis County Sub's Department, Jail-House Informants; FBI [illegible] inmate [illegible] another undercover agents of the Travis County, Texas District Attorney's Office or Task Force April 2, 1991 through Jan. 15, 2015 made by Nephew of Tommy Ray Davidson claiming he killed Jesse Eugene Williams and/or disclosing the identities of Bendy Barrs, Big Wilbert Barrs or others, in the person who killed him.

DONE and ENTERED on this the ———— day of ————, 2015.


————————————————————————
STATE DISTRICT JUDGE
299TH DISTRICT COURT
TRAVIS COUNTY, TEXAS

CAUSE NUMBER: 91-3371-H

EX PARTE
JIMMY ROY DAVIDSON,
        Applicant.

§ IN THE DISTRICT COURT OF
§ TRAVIS COUNTY, TEXAS
§ 299TH JUDICIAL DISTRICT

## SECOND ORDERS GRANTING APPLICANT'S MOTIONS

Came forth before the Court this day is Applicant's Pro Se Motions and the Court grant the following orders:

A- Motion for Appointment of Independent Special Prosecutors No ruling made - held in abatement without prejudice for Applicant to re-urge.

B- Motion for Appointment of lawyers. Granted. The Court hereby ORDERS Craig Watkins, Dallas County, Texas Attorney and ex-District Attorney of Dallas County, Texas; and, Gary L. Bledsoe, Travis County, Texas Attorney, to represent Jimmy Roy Davidson in postconviction habeas corpus actions collaterally attacking consolidated cause numbers 91 1644; 91-1115; 91-2535 and 91-3371-H under Proof of actual innocent Article 11.07, Section 4(A-C), Tex Code Crim. Texas Constitution for lossed and destroyed properties, use at Eight hundred and Fifty two million, Six hundred and Fifty In thousand business center, t with law corporation k.do, Whitehurst, Harkness & Texas 78701 where at Eight hundred and Fifty two million, Six hundred and Fifty two thousand and Seven hundred and Ninety two $852,655,792.00

C- Motion To Disqualify Rosemary L. Lemberg and All the Assistant District Attorneys. Granted. The Court hereby Orders Cindy Meallord, Austin, Texas, to represent respondents The State of Texas in Cause numbers 91 1644; 91 1115; 91-2535 and 91 3371-H in postconviction actions.

**A- Motion To Hold 53rd Judicial District Attorney of Texas Ronald Earle and All His Assistant District Attorneys In Contempt of Court Orders Enter October 6, 1991 And November 8, 1991, For State To Disclose To Defendant Favorable Evidence.** GRANTED. The acts and omissions here are egregious and warrant maximum sanctions per Art. 1.1.21 Tex. Ccos (see Rodes Prot. Tex. Dep. Recovy. 770 S.W.3d 516. 511 Tx. App. 195 11 Art. 1.21 (TECM) applicable Art. 11.64, et sq. (TMB con.). The Respondents The State of Texas is ORDERED to pay sanctions to Applicant Jimmy Rey Davidson in the amount of One Hundred million dollars $100,000,000.00 cf Rule 13. Texas Rules civil Proceedures; e.g. Art 1.1.6.2 S(A (1) (TECM) and F.D.I.C. v. Hurwitz, 384 F.Supp.2d 1635 (S.D.Tex. 2005)(F.D.I.C ordered to pay Seventy-two million dollars $72 mil. as Rule 11, Federal Rules Civil Procedures Sanctions for obstructionism and prejury serially occurring which their lawyers: need 15 years litigation cause that they knew was fraudulent.) For each day from date of this ORDER. Respondent disobeys payment of $100 mil. to Applicant the Respondent shall pay one million dollars $1,000,000.00 to Applicant.

DONE and ENTERED on this the ___ day of _____, 2015

STATE DISTRICT JUDGE<br>
299TH DISTRICT COURT<br>
TRAVIS COUNTY, TEXAS

NOTE 1: Ronald Earle caused the acts or omissions he and his assistant district attorneys was in when by, constituting contempt of court's orders to disclose favorable evidence to defendant, to be official unwritten State-Municipalities policies. This means he cannot be held in contempt of court in his personal capacities nor can his assistant district attorneys even though the policies they promulgated and abided by, violated rights safely established federal law rights. Contempt of court for such law and law violations is actionable against Beyond of The State of Texas for its lawyers misconduct. The assessed sanctions will be enforced in Texas Secretary of Treasury Records as actual sanctions fee paid to Applicant by the State. Any disciplinary of Ronald Earle and his assistant district attorneys will be in legal updates on executive or judicial nonministerial proceedings. E.g. F.D.I.C. v. Hurwitz, 384 F.Supp.2d 1635 (S.D.Tex. 2005) (in which lawyers act was found even though they are not state actors are two F.D.I.C lawyers litigation of case that was sanctionable conduct.)

CAUSE NUMBER: 91-3371-H

EX PARTE,                    §IN THE DISTRICT COURT
JIMMY ROY DAVIDSON,          §TRAVIS COUNTY, TEXAS
        Applicant.           §299TH JUDICIAL DISTRICT.

Applicant's Proposed Findings of Facts, Conclusions of Law And Recommendation in Support of GRANTing Relief Under Code of Criminal Procedure Article 11.07, Section 4(A-C) Factual Innocent Claim.

TO: THE HONORABLE JUDGE OF SAID COURT, Mrs. Karen Sage:

Now Comes, Jimmy Roy Davidson, Applicant, Pro Se, pursuant to 1st And 14th Amendments U.S. Constitution And Articles I, Sections 12.13 and 19, Texas Constitution And will show As Follows:

I. Findings of Facts Required In Art. 11.07 et seq. TCCP cases

According to Article 1.27 (TCCP) applicable to Art. 11.07, supra, cases per Ex parte Tru Van Trong 770 S.W. 2d 810, 811 (Tx.Cr.App.1987) the convicting court must make findings of Facts. Cf. Ex parte Carnes, 579 S.W. 2d 249 (Tex. Cr. App. 1979); Ex parte Zapata ___ S.W. 3d ___ (Tex. Crim. App. NO. AP-75-789; October 10, 2007) And CR Rules 296-298 Tex. R.Civ. Proc.

II. Newly Discovered Evidence That Independently Corroborates Applicant's Factual Innocence.

1-Applicant's Second Affidavit of Jimmy Roy Davidson In Support of Texas Governor Rick Perry's June 2013 Motivations for Exercising His Constitution of Texas Line-Item Veto of Legislative Funding for 53rd Judicial District Attorney (53rd D.A) Public Integrity Unit (PIU), 41-pages, is newly discovered evidence that gives to the Applicant's Re-filed 31-affidavits new probative weight. Cf. Ex parte Brown, 205 S.W. 3d 538, 545 (Tx. Cr. App. 2006).

2- At this point the Court must cause perjury prosecutions to be brought against Applicant under Ex parte Jones 97 SW3d 586, 588 (Tx. Cr. App. 2003); Ex parte Denton 207 S.W. 3d 763, 768 (Tx. Cr. App 2007) and Ex parte Knight 207 S.W. 3d 763, 769 (Tx. Cr. App. 2006). This is required by the Court in factual innocence habeas corpus cases, unless Applicant's 2nd Affidavit in Support of Rick Perry, 41-pages, supra. new evidence give's Applicant's 31-Affidavits new probative weight. Cf. Ex parte Brown, 205 S.W.3d 538, 545 (Tx. Cr. App. 2006)(Four (4) Affidavits used to prove facts in motion for new trial that was denied, was again used in Art. 11.07, sec 4(A-c)(TCCP) Actual innocence proceeding where trial court recommended writ be granted. Court of Criminal Appeals denied relief due to fact that nothing in the records showed the Affidavits probative weight had changed from when they had been used to support the motion for New trial: "Although courts must care fully examine a credible claim of Actual innocence-even one made many years after the alleged crime-... Such post conviction claims should not be accepted without close scrutiny nor, generally, without strong corroboration by independent evidence." 205 S.W.3d At 545. The Court finds that they do have new probative weight that the 2nd Perry, Affidavit, 41-pages, gives those 31-affidavits. Applicant filed back in October 18, 2011. The conduct of 53rd D.A. and Applicant's appointed lawyers is fraud. The Perry motivations for exercising his Texas Constitution authority to Veto funding for Public Integrity Unit (PIU) At pages 35-39-of-41, supra, Applicant's 2nd Affidavit Support Mr. Perry, is evidence Applicant could not have obtained by exercise of due dilligence prior to October 18, 2011, because Mr. Perry's motivations in June 2013 for signing into law The Micheal Morton Act, Texas Senate Bill No. 1611, Art. 39.15 (TCCP eff. Jan. 1, 2014, non retroactive), would undoubtly appear to have been Mr. Perry's reasons for discontinuing to fund 53rd D.A.'s PIU under Rosemary Lehmberg, to enable Citizens like Applicant to have legal right to obtain exculpatory information of factual

innocence being withheld by prosecutors but not accessible to such citizens under the nonretroactivity provision of Article 39.14 (TCCP eff. Jan. 1, 2014). Here, Applicant's re-filed thirty-one (31) affidavits of interested witnesses have new probative weight sufficient for the court, _under principles of equity_, to shift upon the Applicant's court appointed lawyers Mr. Leonard J. Grizzard, the current Travis County, Texas criminal cases magistrate and Kyles Collins, the burden of proof that they did not breach their duties as Applicant's fiduciaries as Applicant has shown in his 2nd Affidavit in Support of Mr. Perry, 41 pages, supra, and 31 re-filed affidavits of interested witnesses. Cf. Article 1.27 (TCCP); Cf. _Ex parte Truvan Trong_ 770 S.W.2d 810, 811 (Tx. Cr. App. 1989)(Art. 1.27 (TCCP) applies to Art. 11.07 (TCCP) cases); Texas Rules Evidence, Rule 101(c)(Hierarchical governance); _Matthews-v-State_ 32 Tex. 117 (1865)(In all cases the Rules of Evidence at common law shall govern except where changed by Code) and _Anderson-v-State_, 118 Tex. 110, 26 S.W.2d 172 (1932)(same). In _Ex parte Drake_ 883 S.W.2d 213 (Tx. Cr. App 1994) the Texas Court of Criminal Appeals makes clear Art. 11.07, et seq. (TCCP) proceedings are governed by principles of courts of equity. _Sub judice_, this court has discretion to make credibility determinations based upon affidavits. Cf. _Ex parte Thompson_ 153 S.W.3d 416, 417-418 & n. 1 (Tx. Cr. App 2005)(Art. 11.07 Section 4 (A-C) factual innocence review district court has discretion to make credibility determinations based upon Affidavits.) _See also Ex parte Franklin_ 72 S.W.3d 6 (Tex. Cr. App 2001)(Remand of factual innocent review for district court to supplement habeas record with affidavits).

3- A court of equity will not shift upon the beneficiary, the burden of proof that requires them to prove facts within the fiduciaries peculiar knowledge or ought to be cognizant of, to show breach of duties. Cf. _Concrete Pipe & Product Co. of Southern California-v-Construction Laborers Pension of Southern California_, 113 S.Ct. 2264, 2272 (1993); _Client-v-Scott_ 102 F.2d 725 (5th Cir. 1939)(same); _Eaton-v-Husted_ 141 Tex. 349, 358, 172 S.W.2d 493, 498 (1943)(same); _Synder Communications-v-Magna_ 94 S.W.3d 213, 241 (Tx. App 13th Dist. 2002)(same) and _Matter of Marriage of Moore_, 890 S.W.2d 821 (Tx. App. Amarillo 1994) (same).

4- Mr. Perry's motivations for veto of funding for PIU in June 2013 is clearly consistent with him signing into law Art. 39.14 (TCCP) i.e. cause PIU's supervisory

Policymaker. 53rd D.A. de jure district Attorney to disqualify herself And All her Assistant district Attorneys from enforcing A 23 years State-Municipalities' policy(s) of NONPERFORMANCE of BRADY-v-MARyland, 83 S.Ct. 1194 (1963) and Giglio-v-U.S. 92 S.Ct. 763, 766 (1972)(Re-Brady-Giglio) duties in Applicant's case and others cases, that are retained in PIU/53rd D.A. files as pseudo-ongoing criminal investigat-ions).MR. PERRY is not A lawyer or judge. It equitable to find he did loose confidence in Rosemary Lehmberg for her public display of disrespect for lawful authority April 12-13, 2013 and believed Applicants Affidavits sent to him in 2009-2011 showing the plethora of conflicts-of-interests Ronald Earle and Rosemary Lehmberg have that in fact and law rises to a level of Due Process violations of Applicants 6th and 14th Amendments U.S. Constitution guaranteed Rights to put forth A defense; compulsory process for calling witnesses and A fundamental FAIR trial. Cf. Ex parte TURNER, 545 S.W.2d 470 (Tx.Cr.App.1977) (State's concealment of Informant's identity violated defendant's Right to put forth A defense and compulsory process for calling witnesses): Cagle-v-Davis 520 F. Supp. 297 (D.Tenn. 1980)(14th Amendment U.S. Constitution guarantee of fundamental fairness Required State to disclose to defendant identity of jail-house Informant planted in defendant's cell area soon after defendant's arrest for murder and instructed to interview defendant about his involvement in victim's murder and jail-house Informant could confirm that defendant denied killing victim while in jail and this contradicts Another jail-house Informant's testimony that defendant had admitted to him that defendant had did it.); BANKS-v-Dretke 124 S.Ct. 1257, 1271-1277 (2004)(State's duties under Brady-Giglio are Required to be performed in Art. 11.07 (TCCP) and Title 28 U.S. Code, Section 2254 habeas corpus postconviction motion practice,).

4- The Applicant's 2nd Affidavit In Support of Mr Perry, 41-pages, supra, And his Re-filed 31-Affidavits Show Applicant's court-Appointed lawyer MR. Leonard J. Grizzard did not perform fiduciary duties of disclosures to the Courts and Applicant, conflicts-of-interests that MR. GRIZZARD had from Representing Applicant; DeWayne Gilbert; James Earl Kessinger and other jail-house Informants who had been planted in Applicant's cell-housing area soon after arrest and instructed to surreptitiously-secretly tape record the

interviews that such Travis County, Texas jail Jail-house Informants themselves had with Applicant AND/OR interviews that the Jail-house Informants heard others have with Applicant, about Applicant's involvement with Jesse Eugene Williams' murder, resulting in the exculpatory Gilbert Tapes being produced by Dewayne Gilbert; Earnesto Perez and other Travis County, Texas' jail's Jail-house Informants March-March 1991-1992 pretrial stages of Applicant's Cause 91-1044; Cause 91-1112; Cause 91-3371 consolidated criminal case. These facts are not denied or refuted by Mr. Grizzard or 53rd D.A. when they have the means and opportunity to do so if the facts are not true. This Court's discretion to make credibility determinations based upon affidavits is not unlimited but guided by rules of law. See e.g. Ex parte Brown, supra, rejecting convicting court's determination that four (4) affidavits unsuccessfully used to prove motion for new trial was sufficient to support Factual innocence habeas corpus claim when re-filed. 205 SW3d at 545. Thus, where counsel's errors caused Applicant's conviction the credible affidavit(s) of a interested witness(es) filed in Art. 11.07 (TCCP) case to prove ineffective assistance of counsel, not refuted or denied by Respondent(s) when Respondent(s) has the means and opportunity to do so if the facts are not true, must be accepted as true by the court. Cf. Ex parte Varelas 45 S.W.3d 632, 633 n.2 (Tx Cr App 2001); Ex parte Garrison 893 S.W.2d 784 (Tx App. 1st Dist Hou. 1993) (Org. Habeas Corpus proceeding) (similar) and Ex parte Dustman 538 S.W.2d 409 (Tex. S. Ct. 1976) (similar) Cf Ex parte Pipkin 935 S.W.2d 213 (Tx App. 7th Dist. 1996) (PDR ref).

6- The Gilbert Tapes' exculpatory contents' VERACITY was to be determined by Applicant's jurors, as Applicant remain protected by the 14th Amendment U.S. Constitution guarantee of a fair trial to plead not guilty and to not testify. Cf. Cagle-v-Davis, 520 F.Supp 297 (D Tenn. 1980). To be sure. The Gilbert Tapes contents show this:

(A)- Brady Barrs stabbed Jesse Eugene Williams when he caught him using the Harlem Cab Company Taxi-cab #34 two-way radio to communicate with the employees-dispatchers of the Cab Company to set-up Brady Barrs and Big Wilbert Barra for extortionate debt collection; (B)- Applicant had been invited

by the victim to accompany him in the Taxi-cab starting about 9:00 A.M. MARCH 11, 1991. SUNDAY MORNING and by late Sunday evening the victim invited BRADY BARRS to ride with them to discuss with the victim how the victim could pay off the debt he owed Big Wilbert BARRS, titular Head of The BARRS Family organized crime Cartel whose territory is east-Austin, Texas' under-served African-American communities; (C)-Applicant, unknown to the victim, was a longtime Associate of The BARRS Family commencing pre-puberty acquaintance with Bobby Joe BARRS, the biological son of Big Wilbert BARRS; (D)-While visiting The BARRS resident accompanying Bobby Joes, Applicant heard Big Wilbert BARRS' several braggadocies that Big Wilbert BARRS stated to persons whom he sold resellable quantities of illicit drugs to and in which Big Wilbert BARRS said he had a quid pre quo relationship with 147th Judicial District Court Judge Mr. MACE B. THURMAN and 53rd D.A. de jure, district Attorney Mr. RONALD EARLE! that enabled Big Wilbert BARRS to get out of TRAVIS County, TEXAS jail anybody he wanted to help (moreso likely, who he wanted to silence by getting them out so that he could cause their deaths and get away with it.); (E)-Applicant tried to stop BRADY BARRS from stabbing the victim to death and then drove the mortally wounded victim to the hospital. Whereupon, Applicant lied to the hospital Police by telling them he did not know the identity

---

NOTE 1: The Gilbert Tapes exculpatury contents' VERACITY in the matter sub judice, must be presumed to be unfavorable to the Respondents case which resulted in 53rd D.A. concealment of The Gilbert Tapes i.e. spoilation of evidence. Cf. Art. 1.27 (7CCA; Ex parte Tru Van Trong, 770 Sw2d 810, 811 (Tx.Cr.App 1987); Ex parte Elizondo 947 S.W.2d 148, 202-207 (Tx.Cr.App. 1996) (In substantive actual innocence case the convicting court, where appropriate, make use legal presumption when making its determination of reliability of newly discovered evidence.). There exist NO INNOCENT REASONS 53rd D.A. can show that justify concealment of The Gilbert Tapes from the Court, the jurors and the Applicant. Its had no privilege under Texas or Federal laws to conceal The Gilbert Tapes and identities of jail-house Informants who secretly produced them. Cagle, 520 F. Supp. 297, supra.

of the Assailant acting in fear of retaliation from Big Wilbert Barrs against Applicant and Applicant's biological family members. This show Applicant is factual innocent and could not be convicted of commission of murder or accessory to commission of murder, committed by Brady Barrs, merely because Applicant lied to hospital police that he did not know the identity of the Assailant Brady Barrs Acting out of fear of retaliation from Big Wilbert Barrs against the Applicant and the Applicant's biological family members. Cf. Easter-v-State, 536 S.W.2d 223 (Tx. Cr. App 1976) (Defendant who took victim to hospital and then lied to police that he did not know identity of person who killed victim, Acting in fear of retaliation, can not be convicted of murder or accessory to murder committed by Another; the question of whether person acted in fear of retaliation is for the jurors to determine.).

7-Applicant's court-appointed lawyer Mr. Grizzard owed the courts and Applicant a fiduciary duty(s) to disclose Mr. Grizzard's conflicts-of-interests he had from represent Dewayne Gilbert, a Jail-house Informant who helped police and prosecutor(s) produce The Gilbert Tapes. Cf. Gibson-v-Ellis, 126 S.W.3d 324 (Tx. App. 5th Dist. 2004) (Lawyer breaches fiduciary duties, inter Alia, subordinate's their Client's interests to his own; engaging in self-dealing; failing to disclose conflict-of-interests; or, making misrepresentations to Achieve these ends.) And Deutsch-v-Hoover, Bax & Slovacek LLP. 97 SW3d 179 (Tex. App. 14th Dist. Hou. 2007) (similar) When Mr. Grizzard did not disclose to Applicant The Gilbert Tapes And identity(s) of Jail-house Informant Dewayne Gilbert, this is what is called collusion with prosecutors and is manifest conflicts-of-interests Mr. Grizzard owed the Court the Applicant fiduciary duty(s) to disclosed. Cf. U.S. ex Rel. Duncan-v-O'Leary, 806 F.2d 1307 (7th Cir. 1986) (Lawyer's collusion with prosecutor(s) is conflicts-of-interests).

8-Mr. Grizzard omissions After Applicant invoked his 6th Amendment U.S. Constitution guaranteed right to a lawyer March 11. 1991, At 10:05 P.m during police interrogations, helped Austin Police Dept. (APD)

homicide police investigators Sgt. Bruce D. Boardman; Sgt. John W. Jones; Sgt. Micheal W. Huckabay and Senior Sgt. Mike Lummus, and Travis County Medical Examiner office (TCME) chief medical examiner Dr. Roberto J. Bayardo, Jr., M.D.; deputy medical examiners Doug Martin and Les Carpenter and assistant medical examiner Dexter Francis, when they acted in conformity to their self-serving routine habit or practise of fabrication of evidence and fabrication of confessions for use by 53rd D.A. prosecutor(s) to obtain rape and/or murder convictions and cause wrongful imprisonment of Applicant and other citizens, both before and after the Applicant's fraudulent conviction, viz: (A)-1981-1984 Mr. Charles Ray Rector, African descent. EXECUTED; (B)-1987-1989 Mr. Richard Danziger. White. DNA Testing EXONERATION; (C)-1987-1989 Mr. Christopher Ochoa. White. DNA Testing EXONERATION; (D)-1991-1992. Applicant sub judice Hebraic-African descent; (E)-1992-1994 Mr. Robert Carter. African descent. EXECUTED; (F)-1992-1994 Mr. Anthony C. Graves, African descent. Brady-v-Maryland, 83 S.Ct. 1194 (1963) duty violations EXONERATION; (G)-Miss LeCreasha 1994-1996 Murray, African descent. Brady duty violations EXONERATION; (H)-1994-1996 Mr. Robert Springsteen IV. White, DNA Testing EXONERATION; (I)- 1994-1996 Mr. Micheal Scott, White, DNA Testing EXONERATION. (J)-OTHERS 1981 thru 2004.

9-Particularly, 53rd D.A. condoned a longstanding and widespread warrantless arrest and confinement in Travis County, Texas jail for extended detention, Applicant and other citizens, by use of falsified State District Court File documents forged by Sgt. John W. Jones; Sgt. Bruce D. Boardman; City of Austin, Texas City Magistrate Judge Mr. James (Jim) Coronado 2/ and others. 53rd D.A., ostensibly, was not able to bring itself to correct

NOTE 2: Mr. James (Jim) Coronado is currently a Travis County, Texas State District Judge of 427th District Court. As a City Magistrate he used the Municipal Court seal of court, a silhouette of City of Austin downtown skyline, to impress upon Order of Commitment #91-1044 on March 13, 1991. This was judicially noticed. S.F. Vol. II, ps. 212-235 Cause 91-337

the omissions of Mr. Grizzard that resulted in Applicant's detention in Travis County, Texas' jail on 167th District Court file court documents, falsified within a few hours of Mr. Grizzard's 3\ OR A person introduced to Applicant as Applicant's court-appointed lawyer, refusal to help Applicant cause a pseudo-live 5-man lineup from being held at APD because he had not been charged by complaint nor taken before a Magistrate to make legal his March 11, 1991, Warrantless Arrest. S.F. Vol. III ps. 519-522 (Mr. Grizzard's judicial admission that he did not help Applicant at the March 13, 1991, live lineup because he does not believe Applicant's objections were correct.). Mr. Grizzard was wrong. Applicant did have the right to not be coerced to be a participant in the pseudo-live 5-man lineup because no felony complaint had yet been filed against him nor had he been taken before a Magistrate since his March 11, 1991 Warrantless Arrest. Cf. Woodard-v-State, 2005 WL 77143 (Tx. Cr. App., unreported, 2004). See also Ex Parte Garcia, 547 S.W.2d 271, (Tx. Cr. App. 1977)(False imprisonment when not taken before Magistrate whether arrested with or without a warrant) and Ex Parte Wright, 138 Tex. Crim. 350, 136 S.W.2d 212 (Tx. Cr. App. 1940)(False imprisonment not cured by existence of complaint and arrest warrant when accused not taken before judge.). After Sgt. Bruce D. Boardman and Sgt. John W. Jones fabrication of blood stains with blood contaminated with embalment fluid taken from the victim's body March 12-13, 1991 and with blood, hair and saliva taken from Applicant March 12, 1991, at reopened inquests and examining

NOTE 3: The March 11, 1991, 10:05 P.M. interrogation at APD by Sgt. John W. Jones and Sgt. Micheal W. Huckabay, when Applicant invoked his 6th Amendment U.S. Constitution guaranteed right to a lawyer at critical stages, marks the time of the commencement of the Attorney-Client relationship. Cf. Holloway-v-State 790 S.W.2d ___ (Tx. Cr. App. 1989)(Police interrogation "critical stage" when 6th Amendment U.S. Constitution guaranteed right to a lawyer attached.) and U.S.-v-Medrano, 208 F. Supp. 2d 681 (W.D. Tex. 2002)(Attorney-Client relationship starts preindictment stages once 6th Amendment attaches guaranteeing accused a lawyer.). While Green-v-State, 872 S.W.2d 719, 724, 726 (Tx. Cr. App. 1992) requires a showing that the accused had need for a lawyer at his Initial Appearance Magistrate Warning Hearing, the United States Supreme Court held that the State must provide a lawyer when one is requested. Cf. Rothgery-v-Gillispie County, Texas, 128 S Ct. 2578 (2008). Both Green and Rothgery support Applicant's claim that he was denied a lawyer. Mr. Leonard J. Grizzard is currently Travis Co. Magistrate and certified Texas Criminal Laws Specialists. Prior to 1991, he was a Travis Co. Justice of the Peace.

court, respectively: PRETRIAL CRIMINAL PROCEDURES, Applicant was not allowed to personally attend with a lawyer in violation of his 6th and 14th Amendments U.S. Constitution guaranteed rights to a lawyer at critical stages that had attached MARCH 11. 1991 at 10:05 P.M. police interrogations, Holloway, 790 S.W.2d __ SUPRA. and to personally attend at important stages of criminal procedures to access evidence, confront accusers and insure fairness. Cf. Kentucky-v-Stincer, 107 S.Ct. 1662. 1667 N. 17 (1987) And U.S.-v-Gagnon 104 S.Ct. 1482, 1484 (1984). Sgt. Boardman and Sgt. Jones, with City Magistrate James (Jim) Coronado help falsified: (A)-1st degree felony murder complaint # 91-1044; (B)-Affidavit for Commitment# 91-1044: (C)- Order of Commitment# 91-1044, 5/; And(2)Order Granting State's Motion To Seal Affidavit for Commitment# 91-1044, on MARCH 13. 1991 at 7.12 P.M. at Austin Municipal Court. MR. GRIZZARD did not attend when he was clearly needed to protect Applicant from being detained for extended detention in TRAVIS Co. Jail on falsified Order of Commitment# 91-1044, Additionally, ToME Case # ME-91-286, reopened inquests over the victim's POSTembalmed body was occurring MARCH 12-14, 1991, and the falsification of 1st degree felony murder complaint# 91-1044 combined with Applicant being held in-custody at TRAVIS Co. Jail, triggered Texas law governing rights of homicide defendants to attend in person with a lawyer, a inquest. Cf. Article 1.27 (TCCP); Art. 49.01(2) And 49.14(A-H) And 49.25, Sec.6(A)(2) TCCP. Cf. Ex parte Meyers, 33 Tex.Crim.204__ 26 S.W. 196, 197 (C.R. 1896) And

---

NOTE 5: The Order of Commitment# 91-1044 is a legal process required to be filed by TRAVIS Co. District Clerk office with sequential file mark affixed upon it and the seal of court of a State district court, A five-pointed star, impressed upon it. Cf. Sections 51. 301-51. 306, Texas Government Code. Cf. Southwestern Settlement & Development Co.-v- Randolp, (Civ. App. 1922) 240 S.W. 655. Without a five-pointed star seal of a State district court impressed upon the Order of Commitment# 91-1044, the TRAVIS Co. district clerk could not authenticate that the document was issued by the 167th District Court And was thus an official act of such court in compliance with section 51. 301(d), SUPRA. Applicant caused voir dire of Sgt. Jones and prosecutor Ms. Laru Woody and when they both committed material perjury by stating they personally attended 167th District Court MARCH 13, 1991, 7:10 P.M. pretrial hearing cause# 91-1044 and had observed Judge Robert (Bob) Jones sign the Order of Commitment# 91-1044 And Order Granting State's Motion To Seal Affidavit for Commitment# 91-1044 when they hadn't And judge MR. Jones hadn't, the 53rd D.A. did not correct the record. Cf. Giglio-v-U.S. 92 S.Ct. 763. 766 (1972). S.F. Vol. II. ps. 212-235.

Garcia-v-State 868 S.W.2d 332, 335, 342 n.12 (Tx.Cr.App. 1993)(INQUESTS' ART. 49.01(2); ART. 49.25, Sec. 6(A)(2)(TCCA) occurs when medical examiner personnel and law enforcement personnel mutual cuparticipate to conduct autopsy to produce evidence to prosecute defendant.)

10- Sgt. Jones and Sgt. Boardman are not licensed by the State Bar of Texas to practise law. On March 11-14, 1991, they represented the State as its lawyers at; TCME Case # ME-91-286 inquests; The State of Texas-v-Jimmy Roy Davidson Cause# 91-1082, in 147th District Court; The State of Texas-v-Jimmy Roy Davidson Cause# 91-1044, in 167th District Court; And City of Austin, Texas' Municipal Court, Cause# 91-1044, Article 15, 17(A) Magistrate's Warning Hearing. Their representations of the State of Texas as its lawyers, when they were not licensed to practise law by the State Bar of Texas; A Order of the Texas Supreme Court; or, Rule 44, Tex. R. Civ. Proc., also was prohibited by Texas statute disallowing them to act as _de jure_ 53rd D.A.'s assistant district attorneys. Cf. Sections 41.102; 41.103; 41.105; 43.132 TEX. GOVT. CODE; Cf. State ex rel. Hill-v-Pirtle, 887 S.W.2d 921, 927 (Tx.Cr. App. 1994)(Sec. 41.103 & 41.105, TEX. GOVT. CODE) and Sells-v-Drott, 259 S.W.3d 194, 201 (Tx.App. Tyler 2007)(Pet. granted 259 S.W.3d 158).

11- Particularly, when Mr. Grizzard or a person who represented to Applicant he had been court-appointed lawyer, March 13, 1991, at APD to observe the pseudo-live lineup Sgt. Boardman and Sgt. Jones caused to be held, Mr. Grizzard was required to make a record that showed TCME in Case# ME-91-286, was holding a reopened inquests without allowing Applicant nor Applicant's court-appointed lawyer to attend in violation of Applicant's 6th and 14th Amendments U.S. Constitution guaranteed rights to a lawyer at critical stages and to personally attend all important State criminal procedures to access evidence, confront accusers and insure fair proceedings. Cf. Rothgery, 128 S.Ct. 2578, supra; Stincer, 107 S.Ct. 1667 n.17, supra and Gagnon, 104 S.Ct. 1484, supra; and, Applicant's State law rights per Articles 1.27; 49.14(A-H) and 49.25, Sec. 6(A)(2)(TCCA). Mr. Grizzard, a former Travis County, Texas justice of the peace and certified Texas criminal laws specialist, certified by the Texas State Bar Board of Certification can show no innocent reasons justifying him abandoning Applicant after the pseudo-live lineup, thereby forfieting the right to cause the the Applicant to attend with his court-appointed lawyer the inquest for purposes of confronting his accusers, call witnesses and cross examine witnesses and cause the inquest to be an examining court and

have an examining trial. Cf. Meyers 33 Tex. Crim. 204, 26 S.W. M 197, supra. And Garcia, 868 S.W.2d M 337, 342, supra. Thus, the omission here left the Applicant with the task to make the record show his said Federal and State law rights were violated and the evidence from the March 12--14, 1991, inquests was not admissible. Cf. S.F. Vol. I ps. 121-125 (Sgt. MR. Micheal W. Huckabay used to admit vial of victim's blood obtained at the inquest over Applicant's objections and motion to suppress) S.F. Vol. II ps 237-283 (Dr. Roberto J. Bayardo, Jr. M.D. used to admit autopsy-post autopsy photographs and his expert opinion evidence critical, vital and crucial to the State's proof of murder, over Applicant's objections and motion to suppress evidence). Applicant's objections and motion to suppress was over-ruled by the trial judge because prosecutors Darla Espinoza-Davis; Appil Hollis Bacon; Terrence (Terry) keel; Frank Byrnn; Rosemary Lehmberg; Ronald Earle; Micheal F. Lynch and Laru Woody did not perform their Giglio duties when Bayardo gave material perjurious testimony. Cf. Hellin-v-State 640 S.W.2d 58, 65 (Tt. App. Austin 1981) (where State has burden of proof on issue, crucial and critical to the State's burden of proof, denial of counsel by State where expert opinion evidence is produced entitles defendant to have such evidence not admitted.); Granviel-v-State, 723 S.W.2d 141 (Tx.Cr. App. 1985) (Defendant must make timely objections to State's offer of admissions of evidence obtained in violations of his right to a lawyer); Tompkin -v-State, 774 S.W.2d 195 (Tx.Cr. App. 1987) (same); Buchanan-v-kentucky, 483 U.S. 402 (1987) (Evidence obtained in violation of 6th Amendment U.S. Constitution guaranteed rights to a lawyer at critical stages, is subject to exclusion); U.S.-v-Wade 388 U.S. 218, 237-239 (1967) (same) and Massiah-v-U.S. 371 U.S. 206, 207 (1964) (same). Bayardo was allowed to give material perjurious testimony contradicted by APD Police Incident Report #9107016320 by Sgt. John W. Jones; Sgt. Bruce D. Boardman; Sgt. Micheal W. Huckabay and APD Photographer Ms. Evelyn Davis, viz: (A)- Bayardo testified that he could authenticate the autopsy-post autopsy photographs for accuracy, when he couldn't because he left Austin, Texas March 12, 1991, before completion of the 8:30 a.m. autopsy; (B)- Bayardo said that TCME medical Examiner's Report was one hundred (100) percent (%) accurate where it show that on March 12, 1991, at 8:30 A.M., Bayardo, in the presence of Sgt. Micheal W. Huckabay, and no others, at TCME morgue conducted the post mortem examination of Jesse Eugene Williams and took x-rays

that show no foreign objects inside the body, when the medical Examiner's Report is NOT ACCURATE. because it omits Ms. Davis; deputy medical examiner Doug Martin; Assistant medical examiner Dexter Francis and Sgt. Huckabay, coparticipated in the conduct of the post mortem examination March 12, 1991 at 8:30 A.M. and no x-rays were taken (C) Bayardo said that on March 12, 1991, it was brought to his attention that the police had found a knife with missing tip at Chestnut and Rosewood Streets, believed to be the murder weapon and believed the missing tip was lodged or broken-off inside the victim's body; that he took x-rays alone, without Sgt. Huckabay nor anyone else being present and the results was negative for piece of metal inside the body; when he hadn't and x-rays taken by Doug Martin and Les Carpenter on March 13, 1991, were positive for piece of metal inside the neck of the body; (D)- Bayardo said he had determined the cause of death and manner of death March 12, 1991, at 8:30 A.M. when he hadn't, because he left Austin, Texas before completion of the postmortem examination; and, (E)- Bayardo said he had determined that the knife with tip missing was identical or similar to the type weapon used to kill Mr. Williams, on March 12, 1991, at TCME morgue, when he hadn't, because Sgt. Boardman's APD Police Incident Report # 9107016 3200, show that March 14, 1991, at 3:05 P.M. he and Bayardo took x-rays that was negative and at that time Bayardo determined the knife Sgt. Boardman reportedly found was the murder weapon. Had Mr. Grizzard not abandoned Applicant that March 11-14, 1991, critical stages, the egregious omissions by prosecutors in not correcting the record when Bayardo gave material perjurious testimony would not have prejudiced the Applicant's right to a fair trial, because Applicant would have corrected it. 12 - Finally, the March 13, 1991, pseudo-live lineup resulted in two(2) Affidavits of Mr. Miguel Botello notarized by Sgt. Micheal W. Huckabay. Attached to APD Police Incident Report # 9107016 3200. Both of Mr. Botello's Affidavit show no solid eyewitness observations of commission of murder by Applicant. In fact, they show Applicant was observed giving cardio PULMONARY Resuscitation (CPR). At trial prosecutors suborned Mr. Botello to perjury by causing him to say he observed Applicant stabbing the victim severan times. Additionally, the

March 13, 1991 pseudo-live lineup positive identification MR. Botello made is inadmissible under Woodard, 2005 WL 77143, supra. Where the record show MR. Botello's in-court positive identification of Applicant was caused by 53rd D.A., there is no showing that Sgt. Huckabay did not escort MR. Botello to Travis County, Texas jail December 24, 1991, and to a isolation cell Applicant was being housed in and Applicant pointed out to MR. Botello that Applicant will be the person MR. Botello will identify in court as the person MR. Botello observed stabbing the victim, as Applicant's Affidavits show actually occurred.

13- The Brady-Giglio duties violations and MR. GRIZZARD's Frauds are chargeable to the State. Cf. Murray-v-Carrier, 106 S.Ct. 2619 (1986). MR. GRIZZARD's March 13, 1991 court-appointment is required by Texas law that he provide Applicant's legal Assistance until relieved for cause by court order; case is dismissed; case affirmed or reversed on direct appeal. Cf. Article 26.05(j)(TCCP). Cf. Ward-v-State, 740 S.W.2d 794, 796 N.5 (Tx. Cr. App. 1984). The records show on September 23, 1991, Court Reporter MR. Leon Justice, 299th District Court, made the verbatim Statement of Facts Cause 91-3371. These record show Applicant complaining to the trial judge Hon. MR. Jon N. Wisser, that he was being coerced to represent himself from being abandoned by MR. Grizzard. No attorney of record appeared at that postindictment September 23, 1991 Pretrial hearing to represent the Applicant in violation of his Right to a lawyer. Cf. Oliver-v-State, 872 S.W.2d 714 (Tx. Cr.App. 1992).

14- Applicant's facts show that he was appointed co-counsel by the trial judge MR. Thomas D. Blackwell. S.F. Vol. Arraignment and Jury Selection ps. 1-15; 112-117 And S.F. Vol. III. page 525 (kyle Collins appointed to help Applicant by phrasing technical objections and causing subpeoan- subpeoan duce tecums to be issued for

(A)- piece of metal shown in positive x-rays taken March 13, 1991

(B)- positive x-rays taken March 13, 1991;

(C)- Deputy medical examiner who took positive x-rays Doug Martin;

(D)- Sgt. Bruce D. Boardman who orchestrated the pseudo-live lineup March 13, 1991 AT APD; helped falsify Cause #91-1044 file court documents March

13. 1991; reported March 12. 1991. at 12:32 P.M. finding the murder weapon at Chestnut and Rosewood streets; although not licensed to practise law acted as co-counsel to Sgt. John W. Jones in drafting and filing. application for issuance of Search Warrant #91-1112 and affidavit in support #91-1112. in 147th District Court, alternatively; falsified the Order issuing evidentiary search warrant to seize blood, hair & saliva; helped Sgt. Jones, Travis Co. jail Nurse James Williams and physicians execute search warrant 91-1112 March 12. 1991; fabricated blood stains using Applicant's blood; fabricated blood stains using the victim's post-embalment body fluids; and, co-participated with Dr. Bayardo at March 14. 1991 reopened inquest and concealed from Applicant and the Court Boardman's and TCME medical examiners' prior history, 1981-1990, of fabrications of evidence and fabrications of confession used by 53rd D.A. to obtain rape and murder convictions of, inter alia, Mr. Richard Danziger and Mr. Christopher Ochon.)

15- Mr. Collins' disobedience to judge Mr. Blackwell's orders clearly prejudiced Applicant's defense he made clear to the court and Respondent(s). at S.F. Vol. Arraignment and Jury Selection ps. 112-117 (my defense is Attacking the State's evidence and witnesses reliability and credibility), while Mr. Grizzard's frauds are shown by direct evidence, the fraud Mr. Collins committed is shown by circumstantial evidence occurring After he accepted the court's appointment to represent Applicant as co-counsel. Cf. Forma Plastics Co.-v-Presidio, 960 S.W.2d 41 (Tex.S.Ct. 1998) (INTENT TO DEFRAUD may be shown by circumstantial evidence occurring After the misrepresentations Are made); Fraud under Texas law consist of both a live misrepresentation and passive silence. Cf. Vera-v-Maryland, 17 S.W.3d 750 (TxApp. 3rd Dist. 2001) and Ho-v-University of Texas. 984 S.W.2d 672 (TxApp. Amarillo 1998) (same).

16- Mr. Grizzard's abandonments are shown to have occurred by not appearing at pretrial hearings held in Cause #91-2835, in 147th District Court July 19 & 26, 1991. post indictment #91-2835. This, Again, violated Applicant's rights to a lawyer. Oliver, 872 S.W.2d 774, Supra.

17- It's clear Applicant has shown by independant evidence

that corroborates his factual innocence of murdering Jesse Eugene Williams, March 11, 1991, Respondents' State Municipalities policy(s) of nonperformance of their Brady-Giglio duties as they were ordered by this Court October 6, 1991 and November 8, 1991. is fraud upon the Court. Cf. Article 1.27(TC(A); Ex parte Tru Van Trong, 770 S.W.2d 810, 811 (Tex Cr. App 1987). Cf Workmen-v--Bell, 227 F.3d 331, 334-335 (6th Cir. 2001); Rodwell-v-Pepe, 324 F.3d 66, 70-71 (1st Cir. 2003)(same); Dunlap-v-Litscher, 301 F.3d 873, 875-876 (7th Cir. 2002)(same); Thompson-v-Calderon, 951 F.2d 918, 921 n.3 (9th Cir. 1998) (same).

18— There exist no innocent reasons for Respondents for not showing by affidavits, depositions, interrogatories or personal recall of the presiding trial judges, that Mr. Grizzard and/or Mr. Collins did not commit frauds upon the Courts and Applicant. Cf. e.g. Ex parte Sepulveda, 172 Tex. Crim. 455, 358 S.W.2d 630 (1962)(Relief denied to defendant on claim he was factual innocent due to prosecutors and defendant's lawyer filing under oath sworn affidavits denying allegations.). Fraud upon the Court due to acts or omissions of Mr. Grizzard and/or Mr. Collins has been proved by clear and convincing evidence of factual innocence. Cf. Luttrell-v-United States, 644 F.2d 1274 (9th Cir. 1980) citing United States-v-Throckmorton, 98 U.S. 61, 65-66, 25 L. Ed. 93 (1878)(Fraud upon the Court where the Attorney fraudulently or without Authority, assumes to represent a party and

and connives at his defeat; or, where the Attorney
corruptly sells out by helping the interests of the
other side.)

## III. Recommendation To Court of Criminal Appeals of Texas

The conduct of Ronald Earle; Rosemary Lehmberg;
Micheal F. Lynch and their successors and subordinates
that enabled them to promulgate their nondisclosures of
material exculpatory surreptitiously produced by Travis County,
Texas' jail Jail-house Informants Dewayne Gilbert, a client to
Mr. Leonard J. Grizzard, tape recordings showing Brady
Barrs killed Jesse Eugene Williams, State-Municipalities'
policies is clearly prohibited by Article 39.14 (TCCP) (effective
January 1, 2014, non retroactive), signed into law by
Texas Governor Mr. Rick Perry in June 2013. Applicant
has produced as proof of facts a 41-pages affidavit that
show Mr. Perry's motivation for line-item veto of $7.5 mil.
legislative funding for fiscal 2014-2015 budget of 53rd D.A.'s
PIU in June 2013 alongside Mr. Perry signing into law Art.
39.14, supra. The motivations known to Applicant from a
2009-2001 timeline of correspondences and affidavits
between Applicant and Texas Governor's office seeking a
pardon and Governor Mr. Perry forwarding to Applicant
the forms needed to file for pardon appears true. The
subsequent forwarding of affidavits in support of Mr. Perry
by Applicant, to U.S. President Barrack Hussein Obama; U.S.
Attorney General Eric Holden; Senior State District Judge Mr.
Robert Richardson; Special Prosecutors Micheal McCrum
and Bill Turner; news media and others gives additional

credibility and reliability of Applicants claims of knowledge of the motivations for Mr. Perry's line-item veto. in June 2013. It's true the <u>Davidson-v-Texas, et al</u> #A-92-cv-190-JN(U.S. Dist Ct. W.D. Tx. Austin Div. affirmed September 20, 1994 per <u>Heck-v-Humphreys</u> 114 S.Ct. 2764 (1984); <u>Davidson-v-Wisser, et al</u>, Cause #91-16715 State District Court and <u>Davidson-v-Grizzard, et al</u>, Cause # 91-10094, State District Court, Civil Rights-Civil Rico Act suits contains matters that prejudice the interests of the State to the extent Applicant has shown section 402.004 Texas Government Code, prohibited Texas Attorney General Dan Morales 6/ and Texas Governor Ann Richards 7/ from admissions that showed State-municipalities policy(s) Applicant filed those lawsuits on And subsequent Texas Attorney Generals and Governors, simply gave deference to the pre-existing State-municipalities of their offices. Mr. Perry, a nonlawyer, motivations for line-item veto of PIU funding in June 2013 as proved by Applicant's 41-pages affidavit, is consistent with Mr Perry signing into law Art. 39.14. supra. in June 2013. Theis, this Court

NOTE 6: Dan Morales was convicted by federal Court for his role in frauding contracted lawyers hired to sue Big Tobacco. Mr. Morales tried to scim $150 mil. from the $3½ bil. the lawyers were due as Attorney fees and expenses.

NOTE 7: Ann Richards publicly admitted decades-long personal battles with Alcoholism.

recommends that the 41-pages Affidavit in Support of Mr. Perry be determined Reliable and Credible newly discovered evidence that independently corroborates Applicant's Factual innocence of March 11, 1991, murder of Jesse Eugene Williams And the 41-pages Affidavit gives Applicant's Re-filed 31-Affidauits of interested witnesses, new probative weight sufficient to prove Applicant's Factual innocence of murder because Respondents has the means and opportunity to refute or deny the facts in these signed-unsigned 31 Affidauits but has failed or refused to do so. Cf Varelas 45 SW3d M 633 N2

DONE and ENTERED on this the ____ day of ____ 2015

BY: _____
STATE DISTRICT JUDGE
299 JUDICIAL DISTRICT COURT
TRAVIS COUNTY, TEXAS

---

NOTE 8: ART. 1.27 (TCCA) Applies to Art. 11.07, Sec. 4(A-C)(TCCA) Cases. Cf Ex Parte TRU Van Trong 770 S.W.2d M 811, Supra. The use by Texas prisoners in State and Federal habeas corpus cases, unsigned Affidavits of interested witnesses to prove the occurrence of Brady-Giglio duties violations occurred in Banks-v-Dretke 124 S.Ct. 1257, 1262, 1272 (2004) Supreme Court common law Rule 15.1 obligated State to correct untrue facts. Unsigned Affidavit of death-row prisoner's girl-friend was not refuted or denied as Rule 15.1 mandated. Hon. Madam Ruth Bader Gringsburg determined such unsigned Affidavit was "hardly probative statement" Sub judice Applicant filed 31-Affidavit October 18, 2011. This court found them to be spurious and incredulous. March 26-27, 2012 Findings of Facts. Applicant has Re-filed All 31-Affidavits and motion for Court-appointment of lawyer to provide legal assistance to him to obtain notarized statements from over 115 interested witnesses per Blackledge-v-Allison, 431 U.S. 63, 82 N.26 (1967). Without Respondent Filing opposing Affidavits, the Court Recommends that those 31-Affidavits be given probative value to show Applicant's lawyers' frauds.

WRIT NUMBER: 11,465-25
TRIAL COURT NUMBER: 913371-H

A T T A C H M E N T   B

1- Applicant's June 8, 2015 filed Bill of Exceptions
15 ps.

CAUSE NUMBER: 91-3371-H

EX PARTE
JIMMY ROY DAVIDSON,
    Applicant.

§ IN THE DISTRICT COURT OF
§ TRAVIS COUNTY, TEXAS
§ 299TH JUDICIAL DISTRICT

## APPLICANT'S BILL OF EXCEPTIONS

TO: THE HONORABLE JUDGE OF SAID. MS. KAREN SAGE:

COMES NOW, JIMMY ROY DAVIDSON, A/K/A "JEMI THE HEBREW!" Pro Se Applicant above pursuant to 1st and 14th Amendments U.S. Constitution and Article I, Sections 12, 13 and 19, Texas Constitution and will show as follows:

### I. Standards of Review

**A - Nature of Article 11.07. Section 4(A-C) TCCP Cases.**
Habeas corpus proceedings are governed by principles used to insure fairness and equity. Cf Ex parte Drake 883 S.W.2d 213 (Tx.Cr.App 1994); Wording-v-Wording, 224 S.W.2d 187, 148 Tex. 356 (Tex. S.Ct. 1949); And, Ex parte Coreste, 725 S.W.2d 214, 217 (Tx.Cr.App. 1987)(Clinton, T. dissenting).

**B - Use and Admissions of Evidence.**
Its clearly established that in all cases the rules of evidence at common law shall govern except where changed by Code. Cf Matthew-v-State, 32 Tex. 117 (Tex. S.Ct. 1865) and Anderson-v-State, 118 Tex. 110, 26 S.W.2d 172 (Tex. S.Ct. 1932). The common law rules governing evidence hierarchical governance is mandated in the provisions of Rule 101(c) Texas Rules of Evidence (T.R. Evid.).

**C - When no rules of procedures are provided for.**
In any case brought under Article 11.07, Section 4(A-C) TCCP, and there is no rules of procedures, the rules of procedures at common law shall govern. Cf. Article 1.27 TCCP cf. Ex parte Tru Van Truong 770 S.W.2d 810, 811 (Tx.Cr.App. 1987)(Art. 1.27 (TCCP) applies to Article 11.07 et seq. TCCP cases.).

#91-3371-H, Bill Excerpts. 7/8/2015

__D. When Respondent State of Texas, After being served process of Application for writ of habeas corpus does not file a response within 15-days.__

When no response is filed in Article 11.07, supra, cases, the District Clerk is required by operation of law to treat the omission as though a GENERAL DENIAL has been filed. Cf Section 3, Article 11.07. supra. A GENERAL DENIAL shifts the burden of proof upon the Applicant to prove all facts alleged in his claims except those facts that Respondent was required to deny under oath. Cf. Alexander-v-Houston Oilfield Material Co. 386 S.W.2d 540 (Tx.Civ.App. Tyler. 1965. ref. N.R.e) and Trevino-v-American Nat. Ins. Co.. 168 S.W.2d 656, 140 Tex. 500 (Tex.Com. App. 1943).

## E. Credibility of Witnesses.

The Convicting Court may use affidavits, depositions, interrogatories, and personal recall when making its assessments of credibility of witnesses. Cf. Section 3-5, Article 11.07. supra. Cf. Ex parte Thompson, 153 S.W.3d 416, 417, 418 & n.1 (Tx.Cr.App 2005)(Article 11.07 Section 4(A-C) TCCP factual innocent Review, convicting court has discretion to make credibility determinations based upon affidavits.); Ex parte Franklin, 72 SW3d 671. (Tx.Cr.App. 2001)(Remand of factual innocent review for convicting court to supplement habeas records with affidavits.)

## F. Reliability of Newly discovered Evidence.

In factual innocent Review the convicting court may make determinations of reliability of newly discovered evidence of factual innocent, by use of presumptions. Cf. Art. 1.27 (TCCP) Cf. Tru Van Truong, 770 SW2d At 811. supra; Cf Ex parte Elizondo, 947 SW2d 198, 202-207 [Tx.Cr.App. 1996](Convicting court may use presumptions when making its determination of reliability of newly discovered evidence of factum innocent.).

G.  Convicting Courts decision that Relief be denied.

The Convicting Court's decision to deny relief is Reviewed for Abuse of discretion and will not be disturbed unless clearly erroneous, cf Ex parte Pipking, 935 SW2d 213, 214 (Tx App 7th Dist. Amarillo, 1996); Ex parte Ayers, 921 Sw2d 438 (Tx. App. Hou. 1st Dist. 1996, no pet.) And McCulloch-v-State, 925 14, 15 (Tx. App. Tyler, 1995, pet. R-d), cert denied —U.S.— 116 S.Ct. 447, 133 L.E2d 406 (1995). And, whether discretion was so Abused depends upon whether the trial court Acted without Reference to Any guiding principles or Rules. cf Montgomery-v-State, 810 SW2 372, 380 (Tx CfApp 1990)


H. Factual Innocent Burden of Proof

In substantive Factual Innocent Review the Applicant has the burden of proof to prove his claim by clear And convincing evidence. cf Elizondo, 947 SW2d At 202-207. Where fraud is the basis for his claim, Applicant must prove fraud upon the Court by clear and convincing evidence. cf. Hazel-Atlas-Glass Co. -v- Hartford Empire Co., 64 S.Ct. 997 (1944). Its Fraud upon the Court when A party willfully or Recklessly does not perform disclosure duties Required by Brady -v-Maryland, 83 S.Ct. 1194 (1963). cf. Workmen-v- Bell, 227 F.3d 331, 334-35 (6th Cir 2001); Rodwell-v-Pepe., 324 F.3d 66, 70-71 (1st Cir 2003); Dunlap-v-Litscher, 301 F3d 873, 875-876 (7th Cir 2002) And Thompson-v-Calderon, 951 F.2d 918, 921 n.3 (9th Cir. 1998). Where Applicant's lawyers sellout to Respondents this too is Fraud upon the Court. cf Zufrell -v-U.S. 644 F2d 1274 (9th Cir 1981) citing U.S-v-Throckmorton 98 U.S. 61, 65-66, 25 L.Ed 93 (1878) (Fraud upon the court where Attorney Fraudulently or without

authority; assumes to represent a party and connives at his defeat; or, where the attorney corruptly sells out by helping the interests of the other side.).

## II. Denial of Motions Contrary to Due Process

Applicant has filed several motions about May 19, 2015 gave Notice to Respondent of setting of Hearing date June 15, 2015 and provided proposed orders for the Convicting Court's convienance in signing. As of the date this document is mailed no action has been taken by the Convicting Court on Applicant's motions.

A- Motion for Appointment of Special Independent-Prosecutor.

This motion was proved by 41 pages affidavit/ NON-Notarized sworn statements authorized by Title 28 U.S. Code Section 1746 and Texas Civil Practices And Remedies Code, Vernon's Annotated, Sections 132.001-132.003.

Applicant is entitled to the Convicting Court's consideration of his motion properly filed and before the court. Cf. In Re Christensen, 39 SW3d 250, 251 (Tx.App. Amarillo 2000). Fundamental requirements of due process mandate an opportunity to be heard. Creel v. District Attorney for Medina County, 818 SW2d 45, 46 (Tex.Ct. 1991). Applicant is entitled to have his motion heard and ruled on by the Convicting Court. Cf. Creel, 818 SW2d At 46 and Christensen 39 SW3d At 251.

**B. Motion for Appointment of Lawyers.**

This motion was proved by 41 pages Affidavit/non-notarized sworn statements authorized by Sec. 1746, supra and Sections 132.001-132.003, supra (i.e. Affidavit of Indigency).

Applicant is entitled to the Convicting Court's consideration of his motion properly filed and before the Court. cf. In Re Christensen, 39 SW3d At 251. Fundamental requirements of due process mandate an opportunity to be heard. Creel, 818 SW2d At 46. Applicant is entitled to have his motion heard and ruled on by the Convicting Court. Creel 818 SW2d At 46 and Christensen 39 SW3d At 251.

**C. Motion To Disqualify Rosemary Lehmberg and All Her Assistant District Attorney.**

This motion was proved by 41-pages Affidavit/non-notarized sworn affidavit and Lehmberg's UNSIGNED NONNOTARIZED sworn affidavit. Along with 29-other UNSIGNED nonnotarized sworn affidavits per Sec. 1746 supra; Sections 132.001-132.003, supra and Banks-v-Dretke 124 S.Ct. 1257, 1262, 1267 (2004) (UNSIGNED affidavit used by Texas Death-Row prisoner in Art.11.07, (TCCP) and Title 28 U.S. Code Section 2254 habeas corpus proceedings to prove occurances of Brady-v-Maryland 83 S.Ct. 1194 (1963) and Giglio-v-US, 92 S.Ct. 763, 766 (1972) (Brady-Giglio) duties violations by Bowie County, Texas prosecutors, was clear, direct and positive statements not refuted or denied by Texas' Solicitor as mandated by U.S. Supreme Court common law Rule 15.1. Assessed by Madam Ruth Bader Grinsbery as "hardly probative statements").

Applicant is entitled to the Convicting Court's consideration of his motion properly filed and before the Court. cf. In Re Christensen, 39 SW3d At 251. Fundamental requirements of due process mandate an opportunity to be heard. Creel 818

#91-3371-H Bill Hebert 7/8/2015

SW2d at 46. Applicant is entitled to have his motion heard and ruled on by the Convicting Court. Creel 818 SW2d at 46 and Christensen 39 SW3d at 256.

D. __Motion To Hold 53rd Judicial District Attorney of Texas Ronald Earle and His Assistant District Attorneys In Contempt of Court Orders Enter October 6, 1991 and November 8, 1991, For State To Disclose To Defendant Favorable Evidence.__

This motion was proved by 41-pages Affidavit/non notarized sworn affidavit; 145 plus pages Affidavit/non notarized sworn Affidavit; Mr. Ronald Earle's and his __de jure__ and/or __ex officio de facto officer__ doctrine, 29-Assistant district Attorney's Affidavits/UNSIGNED NONNOTARIZED SWORN Affidavits per Sec. 1746, supra and Sections 132.001-132.003, supra. and __Banks__ 124 S.Ct at 1262, 1272, supra, (UNSIGNED Affidavit used by Texas Death Row prisoner in Art. 11.07 (TCCA) and Title 28 U.S. Code Sec. 2254 habeas corpus proceedings to prove occurances of __Brady-Giglio__ duties violations, by Bowie County, Texas prosecutors, was clear, direct and positive statements not refuted or denied by Texas Solicitor as mandated by U.S. Supreme Court common law Rule 15.1; assessed by Madam Ruth Bader Grinsberg as "hardly probative statements.").

Applicant is entitled to the Convicting Court's consideration of his motion properly filed and before the Court. CP __In Re Christensen__ 39 SW3d at 251. Fundamental requirements of due process mandate an opportunity to be heard. __Creel__ 818 SW2d at 46. Applicant is entitled to have his motion heard and ruled on by the Convicting Court. __Creel__ 818 S.W2d at 46 and __Christensen__ 39 SW3d at 251.

# 91-3371-H, BILLCHEW 7/5/2015

E. Motion For Court To Order Court Reporter's NOTES; Court Minutes; District Clerk's Transcript; And Police Reports, etc. To be included in the habeas Records

This motion is supported by 1-page Affidavit of Indigency; 41-pages NonNotarized Affidavit; 145plus pages Non-notarized Affidavit And 30-UNSIGNED Nonnotarized Affidavits. by 53rd Judicial District Attorney of Texas 1977 through 2008, Mr. Ronald Earle and his de jure And/or ex officio de facto officer doctrine, Assistant district Attorney- State-Municipalities Policymakers, per Section 1746, supra and Sections 132.001-132.003, supra, And Banks 124 S.Ct.M 1262, 1272, supra (UNSIGNED Affidavit used by Texas Death Row prisoner in Art. 11.07(TCCP) And Title 28 U.S.Code, Sec 2254, habeas corpus proceedings to prove occurances of Brady-Giglio duties violations, by Bowie County, Texas' prosecutors. was clear, direct And positive Statements not Refuted or denied by Texas Solicitor As mandated by U.S. Supreme Court Common law Rule 15.1, Assessed by Madam Ruth Bader Grinsberg As "hardly probative Statements".)

The procedural discovery common law Brady-Giglio duties Rule violations by Respondent occured here And And the Convicting Court's not granting this motion has resulted in exclusions from the habeas records evidence that is both controlling on a material issue in the case And noncumulative. A co-relation of the various Aspects of Applicant's factual innocence claim And the evidence he motioned for the Convicting Court to order Respondents

#91-3371-H BILL EXOT 7/8/2015

to produce AND TRAVIS County. Texas' District Clerk to include in the habeas records, show substantial materiality to show Applicant's burden of proof is prejudice without the excluded evidence. !!

### A. Offer of Proof

Second Affidavit of Jimmy Rey David son In Support of Texas Governor Rick Perry's June 2013 motivations For Exercising His Constitution of Texas Line-ITEM VETO OF LEGISLATIVE FUNDING FOR 53RD JUDICIAL DISTRICT ATTORNEY (53RD D.A) Public Integrity Unit (i.e. 2nd Perry Aff. 41 ps.) With Attachment A.

This document is Applicant' sworn statements referencing file court documents; tape recordings; verbatim Statements of Facts (S.F.); Police Report #9107016320Q and District Court's minutes entries, as well as matters outside the records that proves his claim of factual innocent.

The 2nd Perry Aff. 41 ps. has attached to it 31-Affidavits (1 SIGNED by Applicant 145 plus pages AND 30-UNSIGNED by interested witnesses,) re-filed sub judice, with new probative weight in a procedural identity tactic designed to trigger Respondents fiduciary obligations they owe to the Convicting Court-and to the Applicant to where they refute or deny the sworn statements in them SIGNED BY Applicant under penalty of perjury, As such show his court-appointed lawyer's committed fraud upon the Court and Applicant. (f. Banks 124 S.Ct. at 1262. 1272 (UNSIGNED

NOTE1: The Applicant's motion names Respondents as being

1- The State of Texas % Rosemary Lehmberg. District Attorney;
2- City of Austin, Texas % Karen Kennard, City Attorney; and
3- TRAVIS County. Texas. % David Escamila, County Attorney

Which is consistent in treatment of the Acts or omissions of Ronald Earle and his de jure or ex officio de facto officers doctrine ASSISTANT district Attorneys-policymakers, as discharging duties as State - Municipalities policymaker on behalf of Earle. of Cudd v. Aldrich 9.82 F.S. 463 (SD.Tx 1997)(Sec 41.103 Tex Gov't. Code.)

#91-3371-H Bill H (CCM 7/8/2015

affidavit given probative weight to prove _Brady-Giglio duties_ violation occured by Bowie County, Texas' PROSECUTORS.) and to interpose between the use of GENERAL DENIAL as a dilatory demurrer without the court-appointed lawyers/fiduciaries being required to file sworn notarized statements showing they did not breach their fiduciary duties owed to Applicant and the Courts. Cf _Concrete Pipe & Product Co. of Southern California -v- Construction Laborer Trust of Southern California_ 113 S.Ct. 2264, 2279 (1993)(A Court of equity will not, due to considerations of FAIRNESS, where breach of fiduciary duties are in issue, shift upon the beneficiaries, the burden of proof to prove facts within the fiduciaries' peculiar knowledge or ought to be cognizant of, showing breach of fiduciary duties); _United States -v- New York, N.H. & R Co._, 78 S.Ct. 212 (1957)(SAME); _Commercial Molasses Corp -v- New York Tank Barge Corp._, 62 S.Ct. 156 (1941)(SAME); _Client -v- Scott_ 102 F.2d 725 (5th Cir. 1939)(SAME); _Trans-Am Van Services, Inc. -v- United States_, 421 F.Supp. 308 (N.D.Tex. 1976)(SAME); _Eaton -v- Husted_, 141 Tex. 349, 358, 172 S.W.2d 493, 498 (Tx.S.Ct. 1943)(SAME); _Synder Communications -v- MAGNA_, 94 S.W.3d 213, 240 (Tx.App 13th Dist. 2002)(SAME); _Matter of Marriage of Moore_, 890 S.W.2d 821 (Tex.App. Amarillo, 1994)(SAME); and _Jackson -v- Green_, 700 SW.2d 620 (Tx.App. 13th Dist. 1985 ref. n.r.e.)(SAME).).

A. COURT REPORTER'S NOTE
Cause # 91-3371, September 23, 1991
Volume 1, pages 1-30

Cause # 91-3371, March 24-29, 1991
Volume(s)
- Arraignment & Jury Selection ps. 1-117
- I ps 112-117  1-212  121-125
- II ps. 212-236, 214-283
- III ps 519-522; 525  550-560
IV

2nd Perry APP 41-ps

| paragraph | page |
| --- | --- |
| 67 | 26 |
| 82 | 31 |
| 83,85,86B | 32,33, |
| 47,49,84,86 | 19,32,33 |
| 40A,82,87 | 16,31 |

### B. Court Minutes

Cause #91-1044 Order Appointing Leonard J. Grizzard to provide legal representation to Jimmy Roy Davidson March 13, 1991

2nd Perry Aff. 4Lps

| paragraphs | pages |
|---|---|
| 40A | 16 |
| 40B | 16 |
| 40C | 16, 17 |
| 46 | 18 |
| 52 | 21 |
| 58, 59, 60 | 23, 24 |
| 62, | 25 |
| 64, 65, 66, 67 | 26 |
| 101, 102, | 39, 40 |

Cause # 91-3371. Orders for State to disclose favorable evidence to defendant dated October 6, 1991 and November 8, 1991

| | |
|---|---|
| 53, 69, | 21, 27, |
| 80, 97 | 30, 31, 38 |
| 98, 99, 100, 101, 102 | 38, 39, 40 |

Cause #91-3371. Order Appointing Kyles Collins Co-Counsel March 24, 1992

| | |
|---|---|
| | 29, 31 |
| 77, 82 | 38, 39, 40 |
| 100, 101, 102 | |

Cause #91-3371. Order for State to produce March 13, 1991, positive X-rays taken by Travis County Medical Examiner's Office, dated March 24, 1992

| | |
|---|---|
| 39D, 39E, 40C | 15, 17 |
| 52, 53, 82, | 21, 31 |
| 86B, 86E | 33, |

Cause #91-3371. Order for State to produce piece of metal shown inside body by X-rays taken by TCME March 13, 1991, dated March 24, 1992

| | |
|---|---|
| 39D, 82 | 15, 31 |

### C. District Clerk's Transcripts

Cause #91-1044, file Court Documents, 167th District Court, March 13, 1991

| | |
|---|---|
| 41A (i, ii, iii, iv) | 17, 18, 19, 20 |
| 44-50, 53, 55, 56 | 22, 31, 32, 38 |
| 82, 84, 99, | |

|  | PARAGRAPHS | PAGES |
|---|---|---|
| CAUSE # 91-1112. File Court Documents, 147th District Court, March 12, 1991, | 39A, 39C, 50 53, 62 N.3, 99 | 14, 15, 20 22, 25, 38 |
| CAUSE #91-3371, File Court Documents, 299th District Court, July 16, 1991 thru March 5, 1993. | 66, 67, 69 70, 74, 82/102 | 26, 27, 28, 31 39, 40 |

D. Austin Police Dept. (APD) Police Incident Report #9107063200

|  | 2nd Perry Aff. 41-ps PARAGRAPHS | PAGES |
|---|---|---|
| (1) Sgt. George C. Jackoski, | 23, 76, 83, | 9, 10, 29, 31. 32 |
| (2) Officer Charlie Rine, hospital police |  |  |
| (3) Officer Robert Franklin, fingerprint Technician | 87 | 34 |
| (4) Officer Micheal Chitty, fingerprint Technician | 87 | 34 |
| (5) Officer Evelyn Davis, APD Photographers | 53, 86 | 21, 33 |
| (6) Sgt. Bruce D. Boardman, homicide Investigator. | 40A, 40B. 40C, 40C (i, ii, iii, iv), 53, 85, 86(A-E) | 15, 16, 17, 21 32, 33, |
| (7) Sgt. John W. Jones, homicide Investigator. | 35, 39A, 39C 39D, 39E, 53 86(A-E) | 13, 14, 15, 16 17, 21, 33, |
| (8) Sgt. Micheal W. Huckaby homicide investigator. | 34, 36, 53, 86(A-E) | 12, 13, 21, 33, |
| (9) State's eyewitness Miguel Botello. | 63, 85. | 26, 32. 33. |

F. _E I C._

|  | PARAGRAPHS | PAGES |
|---|---|---|
| (i) The Gilbert Tapes. March-March 1991-1992, These are a compilation of surreptitiously produced tape recordings by Travis County Texas jail Jail-house Informants not limited to: Dewayne Gilbert; Earnesto Perez; James Earl kessinger; Joseph Gebhart; & Carlos Rios; | 26, 28, 29, 30, 32, 33, 57, 58, 60, 61, 90, | 10, 11, 12, 22, 23, 24, 25, 34, |
| (ii) The Big Wilbert Barrs Tapes, March-March 1991-1992. These are a compilation of surreptitiously produced tape recordings by Travis County, Texas jail Jail-house Informants showing Wilbert Barrs and/or relatives vowing to kill the Applicant for disclosing The Barrs identities as the persons who killed Jesse Eugene Williams. | 61 | 24, 25 |
| (iii) August 16, 2013 Minutes of Travis County Commissioner Court proceedings. | 96, | 37, 38 |

These items of evidence/information are in Respondents' possession or control and show facts that substantuate Applicant's claim. Thus, where Applicant's Affidavits, SIGNED or UNSIGNED, show his court-appointed lawyers were sell-outs whose omissions helped APD, TCME and 53rd D.A.'s effectuate State-Municipalities' policies, he shows a particularized and specific need for the court to grant this motion and order the evidence included in the transmitted habeas Records. Cf. _In re Coronado_, 980 SW2d 692, 693 (Tx App. San Antonio, 1998)(Requisites for obtaining Court order for copy(s)

of court records to use to support writ of habeas corpus are:

(1) the habeas action is not frivolous; and.

(2) there is a specific need for the records sought. citing Escobar-v-State, 880 SW2d 782,783 (Tx App Hou [1st Dist] 1993, no pet.).

Applicant has been denied due process and access to courts by the Convicting Court's not Ruling on this motion and such omission itself.

## III. Denial of Requested Findings of Facts, Conclusions of Law and Recommendations.

This Article 11.07, section 4(A-C), TCCP factual innocent case was filed in the Travis County District Attorney's Office by Travis County District Clerk on May 19, 2015. No Respondent's response was filed and the 15-days for filing a response expired. On June 15, 2015, Respondents filed no opposition to various motions listed herein above and the Convicting court did not Rule on them. Thus, about June 23, 2015, the 20-days in which the Convicting Court has to dispose of the controverted, previously unresolved facts at issue that arose from the GENERAL DENIAL the District Clerk recorded as occurred by operation of law, expired without the Convicting Court entering findings of facts or entering a order designating the issues it needs to resolve by extension of the 20-days time period. Cf. Ex parte Carnes 579 SW2d 249 (Tx. Cr App. 1979)(The State filed no response and District Clerk, by operation of law, entered GENERAL DENIAL in Respondent's behalf which was sufficient to create controverted, previously unresolved issues of facts. Convicting Court did not enter findings of facts when same is mandatory.); and, Hampton-v-McCree, 851 SW2d — (Tx Cr

#91-3371-H. Bill Except 7/8/2015

1991)( 20-days expiration for Convicting Court to enter Order designating issues to be resolve, without such Orders, is jurisdictional.) and Dejean-v-District Clerk of Dallas County 259 SW3d 183 (Tx.Cr.App.2008).

Applicant has not has of this writing, waived his Right and relief sought by filing May 19, 2015, his proposed requested Findings of Facts, Conclusions of laws And Recommendations. These exceptions preserves his Rights to relief based upon undisputed Facts And laws Respondents have had full and fair opportunity to refute or deny if the clear, direct and positive facts in Applicants Affidavits are not true, but has failed or refused to do so. Cf. Ex parte Varelas, 45 SW3d 632; 633 n.s (Tx.Cr.App.2001); Ex parte Garyson, 853 SW2d 784 (Tx.App.1st Dist.Hc.1993) and Ex parte Dustman, 538 SW2d 409 (Tx.S.Ct.1976) Accord Cf. Zaruba-v-Zaruba, 498 SW2d 695, 698 (Tx.Cr.App Corpus Christi 1973) (where a trial judge Refuses to File findings of fact in response to a proper request or refuses to file them within the time prescribed therefor, such Refusal will not be reviewed on appeal unless it is made the subject of a bill of exception.).

WHEREFORE, PREMISES CONSIDERED, Applicant prays that the Convicting Court and Court of Criminal Appeals, GRANT, in all things these exceptions and Order that the Orders filed by Applicant and Requested findings of facts, Conclusions of laws and Recommendations, by ordering the $100 million dollars Sanctions for egregious prosecutorial misconduct constituting 24 yrs. of obstructionism and perjury to cause Applicant's wrongful imprisonment on murder charges based upon sheer fabrications of evidence and falsified government records

and willfully withholding exculpatory secretly produce tape recordings State-Municipalities' policy of The State of Texas ; City of Austin, Texas and Travis County, Texas, supervised by Ronald Earle, 53rd Judicial District Attorney of Texas (1977-2008) and Rosemary Lehmberg 53rd D.A. (2008-present) and Michael F. Lynch (Head of Public Integrity Unit), in contempt of 299th District Court's October 6, 1991 and November 8, 1991 orders for Respondents to disclose to defendant all favorable evidence; and, order the Applicant's proposed findings of facts, conclusions of laws and recommendations be signed and filed of record showing his exoneration due to being factual innocent. Applicant prays the Court of Criminal Appeals order his immediate release to medical providers qualified to house and treat him for oxygen, medicine and wheelchair dependency due to diabetes, polymyesitis, hypertension and hepatitis C, at Respondents expense within any of the geographical areas of the United States or its territoriries. Finally, Applicant prays the Court of Criminal Appeals order any and all other relief it finds justified and speedy.

Respectfully submitted.

Jimmy Roy Davidson #612585
10 Bldg. W, #17-cell, A. Hughes Unit
Route 2, Box 4400
Gatesville, Texas 76597-1010
APPLICANT PRO SE

CERTIFICATE OF SERVICE

I, Jimmy Roy Davidson, hereby certify under penalty of perjury that a true and correct copy of this Bill of Exceptions has been served upon Respondent C/o Rosemary Lehmberg, P.O. Box 1748, Austin, Tx 78767-1748, by indigent supply officer on this the 8th day of July 2015.

APPLICANT Pro se

WRIT NUMBER: 11.465-25
TRIAL COURT Number: 913371-H

# ATTACHMENT C

1- Applicant's Motion for Appointment of
Independent-Special Prosecuters and
Lawyers Joined with Motion To
Disqualify Rosemary Lehmbero and
All Her Assistant District Attorneus
and Motion To Hold 53rd Judicial District
Attorney of Texas Ronald Earle and All
His Assistant District Attorneus In
Contempt of Court Orders Enter October
6, 1991 and November 8, 1991. For State
To Disclose To Defendant Favorable Evidence
6-ps.

EX PARTE                              § IN THE DISTRICT COURT OF
JIMMY ROY DAVIDSON,                   § TRAVIS COUNTY, TEXAS
              Applicant.             § 299TH JUDICIAL DISTRICT

Applicant's Motion For Appointment of Independent-Special Prosecutors And Lawyers Joined With Motion To Disqualify Rosemary Lehmberg And All Her Assistant District Attorneys And Motion To Hold 53rd Judicial District Attorney of Texas Ronald Earle And His Assistant District Attorneys In Contempt of Court Orders Enter October 6, 1991 And November 8, 1991 For State To Disclose To Defendant Favorable Evidence.

TO: THE HONURABLE MRS KAREN SAGE, STATE DISTRICT JUDGE:

Applicant Jimmy Roy Davidson, Pro Se, files this motion under 1st And 14th Amendment U.S. Constitution And Arts. I Sections 12, 13 And 19 ; Art. VIII Sections 1 and 2, Texas Constitution and shows as Follows:

## I. JURISDICTION

Texas Constitution Article I. Sections 12, 13; Article V. Sections 8, 12, and Art. 26.05 & 11.052 (A-c) (TCCP) And 24.016, Tex.Gout. Code.

## II. PARTIES

Applicant: Jimmy Roy Davidson SID Number: 02202768 TDCJ-CID Number: 672588, RMF West-Pod #2-cell, W.J. Estelle Unit, 264 FM 3478, Huntsville Texas 77326-3322.

Respondents: 1-The State of Texas % 53rd Judicial District Attorney of Texas P.O. Box 1748; 2-City of Austin, Texas, C/o City Attorney P.O. Box 1088, Austin, Texas 78701-1088; And 3-Travis Co. Texas % County Attorney, P.O. Box 1748, Austin, Texas 78767-1748.

## III. Statement of the Case

This is a common law case brought under open courts provisions of Texas Constitution. It's for causing Appointment of special prosecutor -independent prosecutors to vindicate the Court's October 6, 1991 And November 8, 1991 Orders entered for 53rd Judicial District Attorney (53rd DA) to disclose to Applicant all favorable material evidence in the criminal case consolidated Causes 91-1044, in 167th District Court; 91-1112, 147th District Court And 91-3371, 299th District Court. Respondents have not obeyed those orders resulting in properties own by Applicant lossed And destroyed and near 24 yrs. of wrongful imprisonment.

## IV. Statement of the Facts

1-In June 2013, then Governor of Texas, Mr. Rick Perry, motivations For line-item veto of $7.5 mil. For 2014-2015 fiscal budgets of 53rd D.A.'s Public Integrity Unit (PIU), was due to him having no confidence in 53rd D.A. Rosemary Lehmberg

because she publicly displayed lack of respect for the law by her belligerence and aggressive negative behavior when arrested in April 12-13, 2013, by Travis County, Texas deputy sheriffs for drunk-driving and her 22 plus years of conflicts-of-interests she and her predecessor Ronald Earle has disqualifying them from representing the State in Cause 91-1044, 167th District Court, Cause 91-1112, 147th District Court and Cause 91-3371, Consolidated and other cases, that denies access to exculpatory or impeachment information to Applicant and others. Governor Mr. Perry's veto of funding was the only means he could help insure fair courts to Applicant and others, who are not eligible under Article 39.14 (TCCP) effective Jan. 1, 2014, due to its non-retroactive provisions, to obtain such exculpatory information from PIU and other Texas prosecutors. Mr. Perry's signing into law Texas Senate Bill #1611 A/K/A The Michael Morton Act June 2013 was no coincidence but part of two means to help insure fair courts, to citizens not covered by 39.14, supra.

2- Current Head of Public Integrity Unit, Mr. Greg Cox and Ms. Lehmberg gave to Texas Travis County Commissioners the reasons why they wanted County funds to replace legislative funds Mr. Perry had vetoed. Cox and Lehmberg said the PIU's investigation of motor-fuel tax violations had been disrupted by the line-item veto.

3- The Commissioners voted four (4) to one (1) to provide County funds for Aug. 16, 2013 to end of fiscal 2014. 53rd D.A. chipped in funds collected in forfeiture cases. At no time in August 2013 did Cox or Lehmberg represent to Travis Co. Commissioners that Mr. Perry's veto of funding had caused PIU to stop investigations into the highly touted by Mr. Perry Texas Department of Public Safety awarding contracts under the no-bid on contracts laws, to secure Texas' southern borders.

4- In May 2, 2012, Texas Court of Criminal Appeals dismissed writ #11,465-24. Trial Court #91-3371-G. The convicting court finding of credibility of Applicant's thirty-one (31) affidavits as spurious (not authentic) and incredulous (doubtful) where they show his March 24-29, 1992, Cause 91-1044; 91-1112 and 91-3371, consolidated conviction was obtained by fraud upon the courts, is no longer controlling, because Mr. Perry's motivations, not denied by him or his attorney after being sent several affidavits by Applicant since 2009 showing 53rd D.A. continuous withholding exculpatory information given new probative value to his credibility as a matter of law. cf. Ex parte Brown, 205 S.W.3d 538, 545 (Tx.Cr.App. 2006)(four affidavit's probative weight not shown in record to have changed since used in last held proceeding on motion for new trial). Additionally, a copy of Applicant's second affidavit in support of Rick Perry, 41 pgs, filed this day to prove the facts in this motion has been served upon 53rd D.A. through certified mail return receipt requested parcel number:

5- This Court's integrity is impugned by 53rd D.A.'s almost 24 yrs. of contempt of its October 6, 1991 and November 8, 1991 orders for State to disclose to Applicant all favorable evidence and a Independent Prosecutor is needed to obtain vindication in prosecution for contempt. Additionally, a lawyer should be appointed to represent Applicant due to his severe handicap and interests of justice in a post-conviction writ of habeas corpus factual innocent joined with lessed and destroyed properties claims and Ms. Lehmberg and all her assistants should be ordered to show why they should not disqualified from representing the State in Cause #91-1044; 91-1112 and 91-3371 Consolidated.

## V. Brief In Support

### A- Appointment of Prosecutors:

This court has the discretion to appoint a prosecutor(s) to investigate and prosecute The State of Texas, Respondent, acting by 53rd D.A. prosecutors Ronald Earle (1977-2008), Rosemary Lehmberg (2008-2015); Micheal F. Lynch Head of Public Integrity Unit (PIU) 1991-1992) others 1991-2015, for contempt of this court's Oct. 6, 1991 and Nov. 8, 1991 Orders for State to disclose favorable evidence to defendant. Cf Davis-v-State, 840 S.W.2d 480 (Tx. App. Tyler, 1992).

When this court ordered Cause 91-1044, 167th District Court; Cause 91-1112, 147th District Court consolidated with Cause 91-3371, this officially tied its orders for Respondents to disclose favorable evidence to Respondents frauds upon the courts in those causes conducted pursuant to Respondents' longstanding and widespread practices its prosecutors suborned Sgt. John W. Jones and prosecutor Larry Woody to perjury to continue to hide from this court the Falsification of File court documents, viz Felony 1st degree murder #91-1044; Affidavit for Commitment #91-1044; Order of Commitment #91-1044 and Order Granting State's Motion To Seal Affidavit for Commitment #91-1044 and then Ronald Earle, Rosemary Lehmberg and Micheal F. Lynch, reviewed 67 cause and tried to cover-up the fraudulent simulation of such File court documents, but couldn't; and, Earle's, Lehmberg's and Lynch's acquiescence, approval of Sgt. Jones and Sgt. Boardmans legal representations of the State in 147th District Court at examining court to obtain order granting issuance of Jones' and Boardman's, both not licensed to practice law, drafted and filed Application for Issuance of Evidentiary Search Warrant to Seize Blood, Hair & Saliva #91-1112 and Affidavit In Support of Application for Issuance of Evidentiary Search Warrant To Seize Blood, Hair & Saliva #91-1112. Neither Sgt. Jones or Sgt. Boardman qualified under Sections 41.102; 41.103 & 41.105 and 41.132 (a,b) Tex. Gov't. Code to represent the State nor be appointed by Earle, Lehmberg or Lynch to be assistant district attorneys who obtain warrants at examining courts. cf. State ex rel. Hill-v-Pirtle, 887 S.W.2d 921, 927 (Tx. Cr. App. 1994) (Sec. 41.103 & 41.105, Tex Gov't Code) and Sells-v-Drott, 259 S.W.3d 194, 201 (Tx. App. Tyler 2007) (Pet. granted 259 S.W.2d 158). Thus, no 53rd D.A. provided legal representation to the State in Cause #91-1044 and Cause #91-1112. The court has discretion to appoint a prosecutor whenever the elected prosecutor is absent or disqualified. cf. Davis, supra citing Lopez-v-State, 438 S.W.2d 268 (Tx. Cr. App. 1968); Fitgerald-v-State, 722 S.W.2d 817 (Tex. App. Tyler 1987) (Aff'd 782 S.W.2d 876 (Tx. Cr. App. 1990) and Lushe-v-State, 160 Tex. Crim. 561, 272 S.W.2d 517, 520 (1954).

Finally, when Respondents received services of process in Davidson-v-Grizzard, et-al #91-10094 and Davidson-v-Wisser etal #91-16715 and obtained The Gilbert Tapes, its lawyer Ronald Earle was a potential witness and owed a duty to disqualify

himself and all his Assistant district Attorneys because he was a potential witness who had firsthand knowledge of the quid pro quo relationship he had with Big Wilbert Barrs, titular Head of The Barrs family organized crime -cartel that Big Wilbert braggadocius to low level drug dealers he gave credit quantities of dope to sell (paraphrase I got a hook-up with State District Judge Mace B. Thurman and 53rd D.A. Ronald Earle, to where I can get you out of jail if I want to-so don't try to snitch). Cf. State-v-Rosenbaum, 853 S.W.2d 525, 526 (Tx Cr. App. 1993) (District Attorney and all his Assistant district Attorneys are disqualified when he is a potential witness in a case.) Withholding The Gilbert Tapes and identities of jail-house Informants who obtained them deprived the Applicant of 6th and 14th Amendments U.S. Constitution guaranteed rights to put furth a defense and compulsory process for calling witnesses. Cf. Ex parte Turner 545 S.W.2d 470 (Tx Cr. App. 1977). Thus, Earle's conflicts-of-interests rose to a level of Due Process violations. Cf. Cagle-v-Davis 520 F.Supp. 291 (D. Tenn. 1980) that he cause to morph into a State-Municipalities policys under PIU in violation of the 14th Amendment U.S. Constitution. Cf. Banks-v-Dretke 124 S.Ct. 1257, 1271-1272 (2004) (State prosecutors 14th Amendment duties under Brady-v-Maryland 83 S.Ct. 1194 (1963) and Giglio-v-U.S. 92 S.Ct. 763, 766 (1972) continues into and during habeas corpus Art. 11.07 (TCCP) and Title 28 U.S. Code Section 2254, motion practices.). And, Earle was required to disqualify himself and all his assistant district Attorneys. Cf State ex rel Eidson-v-Edwards, 793 S.W.2d 1, 6 (Tx. Cr. App. 1990). Ms. Lehmberg's 2008 election did not change the status-quo ante. She testified at the Applicant's trial in March 24-29, 1992 and she continues to enforce the unconstitutional State-Municipalities' policies that her predecessor Earle promulgated that causes continuous withholding Brady-Giglio violations information Deem Applicant and others and provoking Rick Perry to line-item veto 87.5 mil legislative funding to PIU for 2014-2015 back in June 2013 when Mr. Perry signed into law The Micheal Morton Act, Texas Senate Bill No. 1611, Art. 39.14 (TCCP) effective Jan. 1, 2014, non retroactive.

## B-Appointment of a lawyer

This court has discretion to appoint a lawyer to help the handicap Applicant prosecute habeas corpus actions to remedy his lossed and destroyed properties viz Sections 5103 to 5107, Tex. Labor Code Right to work and professional services business contracts with the law corporation Kidd, Whitehurst, Harkness & Watson. Cf Ex parte Hargett 819 S.W.2d 866, 868 n.2 (Tx Cr. App 1991) (Art. V. Sec 8, Tex. Const. authorize State District Courts to remedy property claim) and Curry-v-Wilson 853 S.W.2d 40 (Tx Cr. App 1993) (Habeas corpus appropriate to remedy property claims) joined with factual innocence liberty claim per Art 1.27 (TCCP); Rule 51 (a,b) Tex. R. Civ. Pro. Cf Ex parte Tru Van Trong, 770 S.W.2d 810, 811 (Tx Cr. App 1987) (Art 1.27 TCCP Applies to Art. 11.07 (TCCP) cases.). Arts 26.05 & 1.052 (TCCP) authorize the court to appoint for Applicant, a lawyer(s). See also Sec. 24.016, Tex. Gov't Code. Cf Such lawyer would be able to help Applicant obtain notarized statements from over 114 witnesses, if needed. Cf. Blackledge-v-Allison, 97 S.Ct. 1621 (1977) (431 U.S. 63, 82 n.26 petitioner should be provided legal assistance to obtain witness's statements, when petitioner confined in prison.).

C- DISqUALify ROSEMARY LehmbeRG AND All her ASSistant district ATTORNEYS
Applicant can not obtain the exculpatory Gilbert Tapes and other
material exculpatory information withheld by 53rd D.A.-PIU under Ms Lehmberg
and her assistant district Attorney Greg Cox, Head of PIU. She did testify for
Respondents. At Applicant's murder trial and is disqualified under State-v-
Ruckenham 853 S.W.W. At 526. In ART.11.07 Sec 4(A-c) (TCCP) cases her conflict-
of-interests in continuously withhold The Gilbert Tapes and other exculpatory
information constitutes fraud upon this court. Cf. Art.1.27(7CCP); Exparte TRU VAN
TRONG 770 S.W.2d AT 811. Cf Workmen-&-Bell, 227 F.3d 331, 334-335 (6th Cir.2001)
Fraud upon Court when State lawyers willful or recklessly commit Brady violations)
Rodwell-v-Pepe 324 F.3d 66 (1st Cir. 2003) (same); Dunlap-&-Litchner 301
F.3d 873 (7th Cir. 2002) (same) and Thompson-v-Calderon, 151 F.3d
918 (9th Cir. 1998) (same). Hence, she owe a duty to disqualify herself and
All her Assistant district Attorneys. Cf State et rel Eidson-v-Edwards, 793
S.W.2d At 6, supra.

D- Contempt of Court's Orders of Oct. 6, 1991 and Nov. 8, 1991

The 147th District Court Cause #91-1112; 167th District Court Cause #91-1044
WAS consolidated with Cause#91-3371, in this court by its order of consolidation
March 5, 1992. Thus, where Respondents' frauds upon those courts are tied to
its frauds upon this court and Frauds upon Applicant, the integrity of all three (3)
Courts are impugned. To vindicate these court's integrity Applicant has filed motions
for Appointment of prosecutors and lawyers per Rule 7q TRCuP. with State 167th
District Court Cause #91-1044, judge MR. David Walberg and State 147th District
Court Cause #91-1112, judge MR. Clifford Brown in Feb. 2015 and March 2015.
sub judice. By affidavits in support, of all three motions he has sought to cause these
Courts to Appoint a prosecutor to vindicate the court's integrity. No court has
shown A interest in integrity. Rather, the courts lack of interests reeks of
bias or prejudice Against Blacks and Jews, because Applicant is a Black Hebrew
descendant of Texas slaves who have unquestionably conformed his legal
Representation to honesty and Rule of law. If this was not so, surely the
courts could cause Applicant's prosecution for perjury under Exparte Jones 97 Sw3d
588 (Tx Cr.App.2003); Ex Parte Knight, 207 S.W.3d 868 (7x Cr.App. 2006) and Exparte Denton,
207 Sw.2d 868 (7x Cr.App.2006), for fabrication of facts in the three (3) Affidavits
he has filed in these courts in support of his motions for Appointment of
prosecutors and lawyers.

WHEREFORE, PREMISES CONSIDERED, Applicant prays the Court GRANT, IN
All things these motions and issue A order Appointing prosecutors;
Appointing Applicant a lawyer for habeas corpus properties lossed and destroyed
Sec. 5103 to 5104 Texas Labor Code and professional services business
contracts with kidd, Whitehurst, Harkness & Watson, AND Factual
Innocence claims and order Rosemary Lehmberg to show cause why she
should not be held in contempt of court's Oct. 6, 1991 And Nov. 8, 1991 Orders.
And disqualify herself under her duty to do per Eidson, 793 S.W.2d at 6, supra.

Also, Applicant prays that the Court hold in Contempt of Court's October/November ORDERS for State to disclose favorable evidence to defendant, de jure, 53rd Judicial District Attorneys Ronald Earle (1977-2008) and Rosemary Lehmberg (2008-present); Order Respondents to pay all court costs, Attorney fees; expert witnesses fees and Reasonable expenses and Order all other remedies that are equitable.

Respectfully submitted

Jimmy Roy Davidson #612588
S.I.D.# 02202768, RMF, West-Pod.#2-Cell
W.J. Estelle Unit, 264 FM3478
Huntsville, Texas 77320-3322
APPLICANT, PRO SE

## OATH AND VERIFICATION

I, Jimmy Roy Davidson, hereby verify under oath and penalty of perjury that the facts above are known to me based upon my personal knowledge, information and belief and such above facts are true and correct so help me God. EXECUTED ON: MARCH 4, 2015    BY: _____
APPLICANT, PRO SE

## CERTIFICATE OF SERVICE

I, Jimmy Roy Davidson hereby certify under penalty of perjury I have caused this motion to be served upon Respondents by 1st Class U.S. Mail, envelope addressed to: The State of Texas, c/o Rosemary Lehmberg, P.O. Box 1748, Austin, TX 78767-1748, on this the ___23rd___ day of ___MARCH___, 2015.

_____
APPLICANT, PRO SE